MILLER *v.* NUCKOLLS.

Opinion delivered November 11, 1905.

1. NEW TRIAL—SUFFICIENCY OF ASSIGNMENT OF ERROR.—A ground for new trial because of errors of law in admitting or refusing evidence, "as

shown by the stenographer's transcript thereof," is too indefinite to call· the court's attention to the particular error complained of. (Page 69.)

2. LIBEL AND SLANDER—WORDS MUST BE PROVED AS ALLEGED.—In an action of libel or slander the plaintiff must prove that the defendant used substantially the same words as those alleged in the complaint, and it is not sufficient to prove that he made the same charge against the plaintiff in words substantially different from those alleged, even though of equivalent and similar import. (Page 70.)

3. TRIAL—CONTRADICTORY INSTRUCTIONS.—An erroneous instruction is not necessarily cured by another correctly stating the law, if the two are contradictory. (Page 70.)

4. SAME—WHEN INSTRUCTION NOT PREJUDICIAL.—An instruction in a slander case which would justify the jury in finding against the defendant if he falsely used words substantially different from those alleged, though of equivalent and similar import, was not prejudicial if the evidence offered by plaintiff tended only to prove that defendant used language substantially the same as set out in the complaint, and not that he used words substantially different, though of equivalent and similar import. (Page 71.)

5. LIBEL—QUALIFIED PRIVILEGE.—A written statement made by defendant to a peace officer, informing him of a rumor connecting plaintiff with the commission of a crime, is privileged if made in good faith with an honest desire to promote justice; but if it was made maliciously and without probable cause to believe it true, it is not privileged. (Page 71.)

6. TRIAL—IMPROPER ARGUMENT.—Where the trial court sustained an objection to an improper line of argument by appellee's attorney, appellant cannot on appeal complain that the trial court should have further instructed the jury to disregard the remarks or have given a more emphatic reprimand if no request to that effect was made by appellant. (Page 73.)

7. SAME—WHEN ARGUMENT PROPER.—A statement by plaintiff's attorney in closing the argument in a libel suit, that if defendant is guilty of libeling plaintiff "he is not fit to live in this county" is not an· objectionable argument. (Page 73.)

Appeal from Independence Circuit Court; FREDERICK D. FULKERSON; Judge; affirmed.

### STATEMENT BY THE COURT.

This is an appeal from a judgment in favor of Rhoda Nuckolls against J. T. Miller for the sum of $2,000, in an action for slander and libel.

The complaint contained two causes of action. The first alleged, among other matters, that the plaintiff was a single and unmarried woman, and that the defendant maliciously, intending

to injure her good name and reputation in the community, did utter and publish of and concerning her certain false, defamatory and scandalous matter, towit: "There has been a secret burial of a child at Hopewell, and there is no doubt about its being Miss Rhoda Nuckolls';" again that he said, "Miss Rhoda Nuckolls has given birth to a child, and it was secretly buried at Hopewell;" and that he also said to E. J. Peters "did you hear of the secret burial at Hopewell? There is no doubt but what it was Rhoda Nuckolls.'"

It was further alleged that on each occasion the defendant meant by the language used to charge plaintiff with the offense of fornication, to her damage in the sum of $7,500.

For the second cause of action the plaintiff alleged that defendant, intending to injure her good name and character, published about her the following defamatory and libelous matter, towit:

"Newark, Ark., May 18, 1903.

"Esq. C. P. Pickens, Dota, Ark.:

"DEAR SIR:—You no doubt have heard before now that, agreeable to public gossip, Miss Rhoda Nuckolls did in the latter part of the winter give birth to a child, and whether you have ever learned or not that the child was destroyed and secreted about or in the old warehouse used by Mr. Nuckolls as a warehouse and bedroom. That the same child was kept secreted in the warehouse until decomposition was so far advanced that considerable stench was created about the building, so much so that questions were asked concerning the cause, and to the questions would come the answer that it was caused by rotten onions; and it was said that when it could no longer be kept about the place Nuckolls, Buck Crigler and Will Osborne taken it to the graveyard early one morning, and dug a hole as deep as they could without getting down in it, and buried it. Now, this taken place the day that Will Thornton's wife's grave was dug, and Buck Crigler still at the graveyard when the crowd got there to dig Thornton's wife's grave, and hope with the work of digging of the grave. I call your attention to this matter because you are guardian of the law; and that it should be looked into, no one will deny; and even if it was Mr. Nuckolls,

the officers of the law should take the matter up and sift it, and see if there is any foundation for the report. It is a fact that the man named did go and bury a child on the morning named. Then whose child was it? If there is anything in it, I aim to see that it is dug up, if I can get it done. Not that I want to persecute the woman, but that contemptible scoundrel Nuckolls. I have almost prayed for some way that I might get revenge out of him, and I do hope that I have got it now. I have learned that that bl'ksmith there made the box the child was put in. Mr. Frank Pierce could show where it was put in the graveyard, so I am told. I think the matter should be investigated.

> "Very respectfully,
>
> "J. T. MILLER."

The defendant denied that he uttered the words alleged as slander. He admitted the writing, but claimed that it was made in good faith to an officer of the law, and was privileged.

On the trial the jury returned a verdict of one thousand dollars for slander, and one thousand dollars for libel, and judgment was rendered accordingly.

Defendant appealed.

*Gustave Jones,* for appellant.

In actions of slander, witnesses cannot be allowed to state impressions the words used made upon their minds, but must be confined to the words themselves. 7 Ala. 844; 5 Blackf. 200. Actionable words not counted upon cannot be given in evidence. Townshend, § 392, and citations.

Conceding the right of the presiding judge to question witnesses, it is incumbent on him to be cautious and circumspect in his language and conduct before the jury, in order not to express or intimate an opinion as to controverted facts. 51 Ark. 155; 40 Ark. 425; 17 Cal. 146; 27 Cal. 300. Where remarks of counsel are flagrantly prejudicial, and are persisted in, a new trial should be granted, notwithstanding counsel may have been reprimanded or even fined by the presiding judge for the offense. 74 Ark. 256; 58 Ark. 353; 76 N. W. 462. Instruction No. 1 was erroneous in failing to charge the jury that they must find from a preponderance of the evidence. 37 Ark. 580. Also, in charging the jury that if they found that the

defendant used such words as amounted to charging the plaintiff
with fornication, or words which in their common acceptation
amounted to such a charge, the words were actionable in them-
selves. The allegations of the pleading and proof must corre-
spond; otherwise there is. variance, and the plaintiff fails. Town-
shend, Libel & Slander, 3 Ed. § 363; *Id.* § 338; 26 Mo. 153; 2
Murph. 380. It is not sufficient to prove the substance of the
charge merely. 4 T. R. 217; 2 Wills, 104; 3 Allen (Mass.), 69.
Where the words spoken are actionable *per se,* the law infers
malice, and the jury can award.compensatory damages only, but
cannot award punitive damages without proof of express malice.
56 Ark. 103; 55 Ark. 501. Information furnished a magistrate is
privileged, and an action thereon for libel will not lie. 34 Am.
Dec. 330; 2 Am. Dec. 415; *Ib.* 426; 7 Am. Dec. 735; 3 Am. Dec.
473; 12 Am. Dec. 427; 17 Am. Dec. 187; 34 Am. Dec. 240; 1
Edm. 193; 19 Barb. 116; 28 U. S. (L. P. C.) 158; 44 Ga. 156; 4
Bibb, 38; 3 Allen, 393; 12 Wend. 545. No action will lie against
the informant, whether his statements be true or false, or his
motives innocent or malicious. 5 Johns. 508; 2 C. & K. 4; 5 El.
& Bl. 344; 3 Sandf. 341.

*Wright & Reeder,* for appellee.

Admission of incompetent evidence is no ground for reversal
unless assigned as a ground for new trial. 70 Ark. 337. A
general assignment in the motion is too indefinite. 34 Ark. 721.
Objection to the language of the court was waived by failure to
make it a ground for new trial. 62 Ark. 543; 43 Ark. 391; 44
Ark. 122. Expressions of opinion by counsel, based upon the
evidence, are allowable and not prejudicial. 48 Ark. 131; 71 ·
Ark. 427; 75 Ark. 67; 71 Ark. 433. If there was error in
instruction No. 1, it was cured by other instructions given at
request of appellant. 17 Ark. 292; 21 Ark. 357; 59 Ark. 422; 58
Ark. 353. It is not necessary to prove all of the words laid in the
complaint, if such as are proved are intelligible and actionable
in themselves. 2 East, 434; 52 Mo. 577; 25 Mo. App. 91; 1
Blackf. (Ind.) 330; 22 S. C. 372; 19 Neb. 742. The words
alleged as slanderous being actionable *per se,* whether or not there
existed express malice was a question of fact for the jury. 55
Ark. 501; 56 Ark. 100. If the instructions, taken as a whole,
fairly submitted the case to the jury, their verdict will not be

disturbed.   21 Ark. 357; 59 Ark. 422; 58 Ark. 353; 23 Ark. 115; 24 Ark. 264.   If the matter charged as libelous be false, and the publication malicious, it is not priviliged.   3 L. R. A. 52.   If such charges are published recklessly or wantonly, they are actionable.   Newell, S. & L. § 93; Odgers, L. & S. *p. 222; 3 F. & F. 509; 13 Am. & Eng. Enc. L. 418.   Communications charging crimes of others made for purposes of revenge, and not from an honest motive to promote the ends of justice, are not privileged. Starkie on Slander, *pp. 221, 213.   Even if privileged, the defendant would not be protected thereby if it was written without reasonable and probable cause.   13 Am. & Eng. Enc. Law (1 Ed), 405, and note 3.   Proof of the truth of the matter charged is not sufficient, unless defendant also prove that it was published with good motives and for justifiable ends.   Const. Ark., art 2, § 6; Newell, S. & L. § 46.

RIDDICK, J., (after stating the facts.)   This is an appeal from a judgment in favor of Rhoda Nuckolls against J. T. Miller for $2,000 for slander and libel.   Several grounds are urged in the brief of the appellant why the judgment should be reversed, and which we shall now notice.

First, as to certain remarks made by the presiding judge during the progress of the trial, and as to his rulings in admitting evidence offered by the plaintiff and excluding evidence offered by the defendant, it is sufficient to say that these objections are not sufficiently set forth in the motion for new trial, and must be treated as waived.   No reference whatever is made to the remarks of the presiding judge in the motion for new trial, and the reference to the error in admitting and refusing evidence is as follows:

"The court erred in admitting testimony introduced by plaintiff over defendant's objection, as shown by the stenographer's transcript thereof."

"The court erred in refusing the testimony offered by defendant as shown by the stenographer's transcript thereof."

It will be seen that the particular ruling made by the court for which the new trial is asked is not shown by the motion.   The attention of the court is not called to the particular error complained of, and the assignment is too indefinite.   *Edmonds* v.

*State,* 34 Ark. 721; *Choctaw & M. Rd. Co.* v. *Goset,* 70 *Id.* 427.

The first instruction given by the court does not, in our opinion, state the law correctly, for it tells the jury that they should find for the plaintiff if they find from the evidence that defendant did utter and publish concerning the plaintiff the words set out in the complaint as a basis of her action for slander, or if he used such words as amount to charging the plaintiff with fornication, or with having been guilty of fornication, or did utter or publish words of or concerning the plaintiff which in their common acceptation amount to such a charge.

Now, it will be noticed that the part of this instruction which we have quoted, in effect, told the jury to find for the plaintiff if the words used by defendant amounted to charging plaintiff with having been guilty of fornication, without regard to whether such words were substantially the same as those set out in the complaint or not. Under this instruction, it would have been the duty of the jury to find for plaintiff if the evidence had showed that defendant had said of the plaintiff—an unmarried woman—that she had permitted a man to have sexual intercourse with her, though no such words were set out in the complaint, for such words would in effect charge the plaintiff with fornication. But in an action for slander the plaintiff must prove that the defendant used substantially the same words as those alleged in the complaint. It is not sufficient to prove that the defendant made the same charge against the plaintiff in words substantially different from those alleged, even though of equivalent and similar import. 18 Am. & Eng. Enc. Law, 1078.

Nor do we think that it necessarily follows that the defect in this instruction was cured by the fact that the law was correctly stated in another instruction given at the request of the defendant, for the two instructions are to a certain extent contradictory. But a consideration of the evidence has convinced us that it does not show that the defendant uttered any words tending to charge plaintiff with having committed fornication except those set out in the complaint. There is evidence tending to show that the defendant did utter about plaintiff words substantially the same as those set out in the complaint. For instance, the complaint alleged that he said, "There has been a secret burial of a child at Hopewell, and there is no doubt about its being Miss

Rhoda Nuckolls,'" and the witness testified that he said, "There has been a secret burial of a child at Hopewell, and there is no doubt about its being Miss Rhoda Nuckolls' child." The addition of the word "child" to that stated in the complaint did not alter the meaning. Again the complaint alleged that defendant said, "Miss Rhoda Nuckolls has given birth to a child, and it was secretly buried at Hopewell," and the evidence showed the same words except those referring to the burial. But the words not proved were not essential to make out the defamatory charge. The substance of the charge was that defendant had said that "Miss Rhoda Nuckolls had given birth to a child," and, these words being shown, the others were immaterial, for the words proved, of themselves, amount to a charge of fornication, when uttered about a single woman. 18 Am. & Eng. Enc. Law, 1070.

Now, as there was evidence tending to show that the defendant uttered the words set out in the complaint, and as the evidence does not show that he used any other language which could be taken as charging her with fornication, we do not think that the jury could have been misled by the erroneous part of this instruction. They must have found that the defendant uttered the language set out in the complaint; otherwise, their finding should, under the instructions, have been for defendant. We are therefore of the opinion that no prejudice resulted from this instruction, though, theoretically considered, it is not accurate.

Counsel contend with much force that the writing on which the second cause of action was based was a privileged communication, and that it cannot be made the basis of an action of libel. It may be true that when a communication is made to an officer with the intention to aid him in the detection of crime, the courts will not compel the officer to disclose the name of the informer. It was so held in *Worthington* v. *Scribner,* 109 Mass. 487. When such communication is in a writing filed before the proper officer as the basis of a criminal prosecution, such as an affidavit showing the commission of a crime, then no action for libel can be based upon any pertinent matter therein contained. The remedy of the party charged, if he have any, is for malicious prosecution. The statement, being made in the course of a judicial proceeding, cannot be made the basis of an action for slander or libel, whether malicious or not. *Shock* v. *McChesny,*

2 Am. Dec. 415; *Hastings* v. *Lark,* 34 Am.. Dec. 330; 18 Am. &
Eng. Enc. Law, 1023, and cases cited. But in this case the
libelous matter is not contained in any affidavit or paper filed in a
judicial proceeding. It is not a statement of fact within the
knowledge of the defendant·who made it, but is only a statement
of certain rumors concerning the birth of a child, its conceal-
ment and burial, which he claims to have made to the justice
of the peace that the justice might order an investigation to
ascertain the facts. It is the duty of every one to assist in the
detection of crime; and if he knows facts that tend to show that
a crime has been committed, it is not only proper, but it is his
duty, to communicate them to the proper officer. But, while
such statements are privileged, the weight of authority seems to
show that they are not absolutely privileged, for charges of that
kind should not be made recklessly and maliciously, but in good
faith with an honest desire to promote justice. If made in good
faith, they are privileged; but, on the other hand, if made mali-
ciously, and with no probable cause to believe them to be true,
they are not privileged. This point was directly decided in the
old case of *Bunton* v. *Worly,* 4 Bibb (Ky.), 38, 7 Am. Dec. 735,
where it was held that words spoken to a justice on application
for a warrant for felony may be made the basis of an action for
slander, when not made in good faith. See also, *O'Donaghue* v.
*McGovern,* 23 Wend. 25; *Howard* v. *Thompson,* 21 Wend. 238,
34 Am. Dec. 238; *Sands* v. *Robison,* 51 Am. Dec. 132; *Hancock*
v. *Blackwell,* 139 Mo. 440; *Pierce* v. *Oard,* 23 Neb. 828; Ogden
on Libel & Slander, 220; Newell on Slander & Libel, 500; 18 Am.
& Eng. Enc. Law, 1038. There are a few cases that seem to
hold that communications of this kind to an officer are absolutely
privileged. *Johnson* v. *Evans,* 2 Esp. 32; *Vogel* v. *Guay,* 110 U.
S. 311. The first case mentioned above is a very old case. The
last one was decided by the Supreme Court of the United States.
But the decision in that case was based mainly on the ground
that it ·was a communication made to a State's attorney, or public
prosecutor of crimes, in order to ascertain whether certain facts
constituted a crime. The court held that the communication was
as much privileged as if it had been made to an attorney hired by
him. While these cases do seem to some extent to sustain the

contention of appellant, the weight of authority as before stated, seems to show that a communication of the kind under consideration here is privileged only when made in good faith, but not when made recklessly, with the intention to gratify personal malice towards the plaintiff or his family. This is certainly true where, as in this case, the informant does not state facts, but mere rumors, which he might easily have ascertained to be untrue. It is doubtful if he was under any duty to voluntarily repeat mere rumors of that kind affecting the character of an unmarried woman, even to an officer of the law; and if he did so maliciously, an action would lie. The instruction given on this point was, we think, proper; and, when the instructions are considered as a whole in the light of the evidence, we find no reversible error.

Again, it is said that the judgment should be reversed on account of improper argument of counsel for plaintiff, who said to the jury in his closing argument: "Dr. Miller should thank God that the people of that community allowed him still to live." On objection being made, the court quietly said to the attorney not to make improper remarks. Afterwards the attorney said: "A man who is guilty of such heinous crime ought not to be permitted to live in this county." On objection being made, the court mildly said to the attorney that the remark was improper, to which counsel for plaintiff responded: "Your honor, I say, if he is guilty, he is not fit to live in this county, and I stand on that proposition." The court overruled the objection to this remark. It will be noticed that the presiding judge sustained the objection to all the remarks of counsel except the last. It is true that his language does not appear to have been very emphatic, but the tone of the voice has much to do with a matter of that kind; and, though the record states that the court "quietly" cautioned the attorney not to make improper remarks, we are not able to say that this remonstrance did not clearly convey to the jury the idea that the argument was improper. If counsel desired to have the jury instructed to disregard the remarks, or if he wished a more emphatic reprimand, he should have asked for an instruction of that kind. That brings us to the last remark of counsel to which objection was made and overruled, in which he said that if defendant was guilty he was not fit to live in the

county. This was only an expression of the opinion of counsel, and intended to convey to the jury his idea of the gravity of the charge against the defendant. Now, it is often the case that expressions of that kind are made in argument of counsel. The law does not confine counsel to a cold statement of the facts of the case. He must not misstate the facts, or undertake to supply the place of a witness by stating facts not in evidence. But, to quote the language of a recent case, he is not required to forego the embellishments of oratory; for "stored away in the property room of the profession are moving pictures in infinite variety, from which every lawyer is expected to draw on all proper occasions." *State* v. *Burns,* 119 Iowa, 671.

Now, counsel does not say in this last remark that a man guilty of that crime ought not to be permitted to live in that county. Such a statement, whether prejudicial or not, would be out of place, and exceedingly improper in a court of justice, as it might be taken as an indorsement of mob law. But in the last statement he simply said that he was not fit to live there. In other words, he maintained that a person who would slander an innocent girl was not a fit associate of the people there. This, as we have said before, was only an attempt to impress upon the jury the gravity of the offense committed against the plaintiff, and in our opinion furnishes no ground for reversal.

There are other errors complained of, but, after consideration thereof, we are of the opinion that no prejudicial error is shown that is raised by motion for new trial.

Judgment affirmed.