Louis Ogust, Appellant, *v.* Institute for Public Service and Another, Respondents.

First Department, March 19, 1926.

**Libel and slander — libel per se — plaintiff as attorney instituted action against defendant — while action was pending letter was written to plaintiff's client on letterhead of defendant but signed individually by one of defendant's officers — said letter held to be libelous per se — defendant not responsible for personal acts of officer — complaint dismissed as to defendant corporation.**

A letter written by an officer of the defendant corporation, individually, but upon a letterhead of the defendant corporation to plaintiff's client at a time when an action instituted by the plaintiff for his client was pending against the defendant corporation, is held to be libelous *per se.*

But since the letter was written and signed by an officer of the defendant corporation acting in his individual capacity, and since there is no proof that he wrote the letter by direction of any responsible official of the defendant corporation or with the knowledge or consent of any such official or that it was within the scope of his duty and powers as an officer, the defendant corporation is not responsible therefor, and the complaint must be dismissed as to it.

Appeal by the plaintiff, Louis Ogust, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 27th day of March, 1925,

upon the dismissal of the complaint on the merits at the close of the plaintiff's case in an action for libel.

*Kahn & Zorn* [*F. Zorn* of counsel; *Joseph Kahn* with him on the brief], for the appellant.

*Goldstein & Goldstein* [*Jonah J. Goldstein* of counsel; *Aiken A. Pope* with him on the brief], for the respondents.

DOWLING, J.   Plaintiff was the attorney of record for the Burnham Realty Corporation in an action brought against the defendant Institute for Public Service in the Municipal Court, Fifth District, Borough of Manhattan, City of New York, to recover rent for premises occupied by defendant.   Judgment was recovered by plaintiff therein for $431 after a trial on September 29, 1922, which was affirmed by the Appellate Term of the Supreme Court and subsequently paid.

On August 14, 1922, while this action was pending, a letter was written to the Burnham Realty Company on the letterhead of the defendant institute, which heading read as follows:

" Governmental Surveys Public Utility Programs Salary Campaigns Schoolmen's Exhibit Charter Revision Budget Studies Field Training Educational Publication High Spot Circulation Report Analysis Public Service Weekly.

" JULIUS H. BARNES, Chairman
" WILLIAM H. ALLEN, Director
      " GAYLORD C. CUMMIN, C. E., Consultant
      " WILLIAM C. BLAKEY, School High Spots
                     " INSTITUTE FOR PUBLIC SERVICE
           " 1125 Amsterdam Avenue (at 115th Street)
                          " New York City."

The letter was signed by defendant Allen personally and not in his capacity as director of the institute.

In my opinion, the following statements in the letter referring to the action above set forth and to plaintiff's participation therein, were libelous *per se* and  constituted charges of unprofessional conduct reflecting upon plaintiff's professional methods and conduct, as well as attacking his character and professional integrity:

(1) " I am taking steps to learn whether there isn't fair ground for charges of malpractice against a lawyer and for disbarment, who will advise a client to impose such expense upon the city and upon any citizen."

(2) " Won't you consult a lawyer who would scorn to do an unprofessional act and who would be ashamed to advise you to do

what is considered indecent, and see whether you want to be in the position publicly that this pending case puts you in? "

The letter winds up with the statement:

" I write this to you because apparently you feel helpless without the advice of a man who carries the title of lawyer. While we have not one cent to pay for blackmail, we really welcome an opportunity to exhibit and carry thru to the limit what such a suit means."

While this was insulting to the plaintiff's client, it was not an actionable reflection upon him.

It follows that the letter was libelous *per se,* and that the defendant Allen is liable therefor. But there is no proof that he ever wrote it by direction of any responsible official of the institute, or with such official's knowledge or consent, or that it was within the scope of his duty and powers as director to write such a letter, or that it was, other than his individual view to which he was giving expression.

The judgment dismissing the complaint as to the defendant institute should be affirmed, without costs. As to the defendant Allen the judgment should be reversed, the action severed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment as to defendant institute affirmed, without costs. Judgment as to defendant William H. Allen reversed, the action severed and new trial ordered, with costs to appellant to abide event.