MATTHEW M. LEVY, Plaintiff, *v.* HERMAN GELBER, Defendant.

Supreme Court, Special Term, Bronx County, January 8, 1941.

*Matthew M. Levy [Harold P. Spivak* of counsel], attorney *pro per.*

*Schorr & Schorr,* for the defendant.

HOFSTADTER, J. This is a motion to dismiss a complaint in a libel action for legal insufficiency. The plaintiff is an attorney and the defendant is an official of Local 306, Moving Picture Machine Operators' Union. The alleged libel is in the form of an open letter to the members of the union. No special damages are alleged and the defendant on the authority of *O'Connell* v. *Press Publishing Co.* (214 N. Y. 352) seeks a dismissal on the ground that the words complained of are not libelous *per se.*

It is axiomatic that words should be given their ordinary and natural meaning. As so construed the language of the letter complained of clearly charges the plaintiff, an attorney, with reprehensible conduct. Patently, statements, *inter alia*, that an attorney has exacted undue and excessive fees; that he has split these fees with a layman and that he has been disloyal to the best interests of his client are libelous *per se* in that they tend to injure him in his profession by imputing to him unethical and discreditable practices.

The claimed charge that the plaintiff is a Nazi and a Communist is in the same category. In these days, a false allegation of this nature necessarily has the result of injuring an attorney in his profession. The *current* effect of these statements is the decisive test. Whatever doubt there may have been in the past as to the opprobrious effect on the ordinary mind of such a charge (*Hays* v. *American Defense Society, Inc.*, 252 N. Y. 266; *Garriga* v. *Richfield*, 174 Misc. 315), recent events and legislation make it manifest that to label an attorney a Communist or a Nazi is to taint him with disrepute. The Selective Training and Service Act of 1940 (§ 8, subd. 1) declares the expressed policy of Congress that vacancies caused by the induction of employees into the army " shall not be filled by any person who is a member of the Communist Party or the German American Bund." The Emergency Relief Appropriation Act for 1941 (General and Special Provisions, § 15) has a similar interdiction against the employment of Communists and members of any Nazi Bund organization on any public works project appropriated for in that legislation. Section 12-a of the Civil Service Law bars persons who advocate the overthrow of the government from any civil service position. It is commonly believed that the Communist party holds such a tenet.

Certainly, in the light of the public attitude today as evidenced, only in small part, by these legislative enactments, it may not be held as a matter of law that to place an attorney falsely in the category of those to whom government employ is forbidden does not adversely affect his standing in his profession.

Accordingly, the complaint is sufficient without any allegation of special damages and the motion is denied. Whether or not the statements complained of are susceptible of the meaning ascribed to them is a question of fact to be determined by the jury.

The application to strike out portions of the complaint under rule 103 of the Rules of Civil Practice is also denied. The innuendos are properly pleaded. They do not enlarge the libel but purport to be merely explanatory of the true meaning. It is the province of the jury to determine their relation to the published matter.