**WARD, Plaintiff-Appellant, v. LEAGUE FOR JUSTICE et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21628.   Decided February 27, 1950.

A. L. Kearns, Cleveland, for plaintiff-Appellant.
Kiefer, Waterworth, Hunter & Womer, Cleveland, for defendant-appellees.

(GUERNSEY, PJ, of Third District; HUNSICKER, J, and DOYLE, J, of Ninth District sitting by designation.)

## OPINION

By GUERNSEY, PJ.

This is an appeal upon questions of law, from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio, in an action pending therein wherein the appellant, Courtney D. Ward, was plaintiff, and the appellees, League for Justice, a corporation, and others, were defendants.

The action is one for damages for libel.

In his petition, the plaintiff made the following material averments, to-wit:

He is a member of the American Federation of Labor, a labor organization consisting of affiliated labor unions throughout the United States of America; that he is the Secretary of the Painters District Council No. 6 in the city of Cleveland, an affiliate of the Ohio State and American Federations of Labor.

He is a citizen of the United States of America; that he has been affiliated with labor unions for many years past; that he has at all times prior to the publications hereinafter complained of enjoyed a good reputation as to character, loyalty to the United States of America, to the labor movement and to his fellow unionists.

He is not a Communist, nor was he at any time herein mentioned a member of the Communist Party.

He earns his livelihood and means of sustenance from his employment as Secretary of the Painters District Council No. 6 in the City of Cleveland and that said position is an

elective one, subject to election by the free and popular vote of the members of the Painters Union.

The defendant, League for Justice, is a corporation duly organized and existing under and by virtue of the laws of the State of Ohio; that the defendant, John P. Moran is the director and the directing head of the said corporation, the League for Justice, and that he, the said John P. Moran, formulates the policies of the said corporation and is the editor of a certain pamphlet, printed for and on behalf of himself and the defendant corporation and others, entitled "LEAGUE FOR JUSTICE INFORMATION FOR AMERICANS," and that said pamphlet has a wide and extensive circulation in the City of Cleveland and elsewhere throughout the State of Ohio, and the United States of America.

The defendants, Burt W. Hannon and Frank B. Hannon, d. b. a. Lakeside Printing Company, are a partnership and are in the printing and publishing business, and are the printers and publishers of the pamphlet hereinbefore set forth.

On or about June of 1948 the defendants, in their said pamphlet, published of and concerning the plaintiff, words in substance as follows; to-wit:

That the plaintiff, Courtney D. Ward, "is one of the most active and treacherous Communists in Ohio and uses the prestige of an AFL official as a cloak to conceal his treacherous activities."

"That he led the attempt to force AFL officials to join Stalin's World Federation of Trade Unions," which had been established by Stalin as a Communist transmission belt to supplement the Comintern and enable him to gain control of all labor unions to use to destroy governments; that plaintiff attended as an AFL delegate, a meeting in London on February 15, 1945, called by the Communists to perfect organization of the WFTU established by Stalin.

That plaintiff was given a bundle of money which he said amounted to fifteen hundred dollars at Communist Party headquarters in New York to finance his campaign for election to the office he now holds.

That while Hitler and Stalin were buddies and we were providing England and France with war supplies for their war with Hitler, Stalin ordered his rats to sabotage our production and the Communist party formed the American Peace Mobilization to do the job and ordered the comrats to go to Randalls Island, New York, on April 5, 1941, for instructions and that plaintiff was one of the instructors and a conference chairman.

That Stalin wants friendly relations, he says, so the Com-

munist Party formed the American-Soviet Friendship Council to double-talk Americans into permitting Stalin to dictate the terms, and plaintiff was a promoter of the Cleveland branch.

The Communist Party ordered its top scum to form the Civil Rights Congress to assert the civil rights of Communists, and plaintiff was a founder representing the AFL.

The Joint Anti-Fascist Refugee Committee was formed by the Communist Party to smuggle Jew Communists into the United States. Plaintiff was a founder.

Ella Reeve Bloor, an old-time she-comrat rabble rouser, had so long and faithfully served the party that it gave a banquet in her honor at New York in June, 1947. Top comrats, including Ward, the plaintiff, attended and paid homage.

The aforesaid printed and published words of and concerning this plaintiff are wholly false and untrue; that the said words were known to the defendants to be false and untrue; that the said words were printed and published by the defendants with actual malice toward the plaintiff, that the said words were printed and published of and concerning the plaintiff with the intent and for the purpose of injuring the plaintiff in his reputation and in his position as Secretary of the Painters District Council No. 6 and as a member of the trade unions and of injuring plaintiff in his feelings.

There is no averment of special damage.

To this petition the defendants filed a general demurrer which was sustained by the Common Pleas Court upon the ground that the words published were not libelous per se, and there being no averment of special damage, an action in libel was not maintainable. The plaintiff, not desiring to further plead, the court then rendered judgment dismissing plaintiff's petition. This is the judgment from which this appeal is taken.

Plaintiff-appellant assigns error in that the judgment is contrary to law for the reason that the words published were libelous per se and he is entitled to recover from the defendants without averment of special damage.

It is the established law of Ohio that in suits for slander, ■ words, to be actionable without averment and proof of special damage, must come within one of the following classes:

1. Words importing an indictable offense.

2. Words tending to prejudice one in his office or calling.

3. Words involving moral turpitude of such a character as to tend to his exclusion from society.

**Holloway v. The Scripps Publishing Company, 11 Oh Ap, page 226, at page 229.**

**Hollingsworth v. Shaw, 19 Oh St 431. Davis, by his next friend v. Brown, 27 Oh St 326.**

It is the equally well settled law of Ohio that—

"Whatever charge will sustain a suit for slander where the words are merely spoken, will sustain a suit for a libel, if they are written or printed and published, and many charges, which, if merely spoken of another, would not sustain a suit for slander, will, if written or printed and published, sustain a suit for libel. Words of ridicule only, or of contempt, which merely tend to lessen a man in public esteem, or to wound his feelings, will support a suit for libel, because of their being embodied in a more permanent and enduring form; of the increased deliberation and malignity of their publication, and of their tendency to provoke breaches of the public peace."

**Watson v. Trask, 6 Ohio 531-533**

If the "tendency of the publication" being malicious, "is to degrade and lessen the standing" of the person concerning whom the publication is made it is libel.

**Tappan v. Wilson, 7 Ohio 190**

"Although the matter published might not, without averment and proof of special damage, be actionable, if only spoken, yet if published, and it be of a character, which, if believed, would naturally tend to expose the person concerning whom the same was published, to public hatred, contempt, or ridicule, or deprive him of the benefits of public confidence or social intercourse, such publication is a libel, and an action will lie therefor although no special damage is alleged."

**State of Ohio v. Smily, 37 Oh St 30, at page 32,** and cases from other jurisdictions there cited.

"Because of the obloquy and reproach connected with such affiliations, it has been consistently held to be actionable in libel or slander to charge a person with being a Communist."

Note, 171 A. L. R., page 710.

"And whether or not it is libelous per se to charge one with having political affiliations with, or being ideologically sympathetic to, or being a member of the Communist Party is to be determined in the effect of the statement upon the ordinary person of average intelligence in the light of the then public attitude towards Communism and those in political and ideological fellowship with it."

Mencer v. Chesley (1946) 186 Misc 877, 61 NYS 2nd 147, affirmed as modified in (1946) 270 App Div 1040, 63 NYS 2nd, 108.

It is libelous per se in 1945 to write of a man as a Communist. The current national attitude towards Communism is such that to call a man a Communist today, would, in the minds of many average and respectable persons, place the one so labeled beyond the pale of respectability and make him a symbol of public hatred.

Spanel v. Pegler (CCA 7th Illinois) 171 A. L. R. 699

In the case of Levy v. Gelber (1941) 175 Misc 746, 25 NYS 2nd 148, it was held: that to charge the plaintiff, an attorney, with being a Communist was libelous per se. There the court said that whatever doubt there may have been in the past as to the opprobrious effect on the ordinary mind of such a charge, recent war events and legislation made it manifest that to call an attorney a Communist was to taint him with disrepute and in the light of the current (1941) public attitude a charge of Communism was libelous per se.

To the same effect are the holdings in the cases of Boudin v. Tishman (1942), 264 App Div 842, 35 NYS 2nd 760, and Grant v. Reader's Digest Association (1945) CCA 2nd NY, 151 F 2nd, 733. (Writ of certiorari denied in (1946) 326 US 797, 90 L. Ed. 485, 66 S Ct 492.)

In the petition in the instant case, the words alleged to have been published not only charged the plaintiff with being one of the most active and treacherous Communists in Ohio, but also charged his affiliation with Russian Communism dominated and dictated by Stalin, and the doing of acts by him as the tool or stooge of Stalin and the Communist Party dominated by Stalin in furtherance of their objectives.

Under the authorities above mentioned, the published words, if believed, would naturally tend to expose the plaintiff, concerning whom the same were published, to public hatred, contempt and ridicule, and deprive him of the benefits of public confidence and social intercourse, and such publication is therefore libelous per se and an action will lie therefor, although no special damage is alleged.

For the reasons mentioned, the judgment of the Common Pleas Court sustaining said demurrer and dismissing plaintiff's petition will be reversed as being contrary to law, and the cause remanded to the Common Pleas Court with instructions to overrule said demurrer, and for further proceedings according to law.

HUNSICKER, J, DOYLE, J, concur.