## JOHNSON, Plaintiff-Appellant, v. CAMPBELL et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4613.   Decided January 28, 1952.

A. A. Bunner, Russ Bothwell, Columbus, for plaintiff-appellant.

Dargusch, Caren, Greek & King, John Caren, of Counsel, Columbus, for defendants-appellees.

### OPINION

By WISEMAN, J.

This is an appeal upon questions of law from the Common Pleas Court of Franklin County from the order dismissing plaintiff's petition after sustaining a general demurrer, the plaintiff electing not to plead further.

The plaintiff's petition is as follows:

"Defendant Fred B. Prophet Co. is a Michigan corporation for profit.

"On the 3rd day of April 1950, defendants composed and published in a written statement, a certain false and malicious libel, containing the false, malicious and defamatory matter, to-wit that said plaintiff was dismissed from their employment because the said plaintiff was 'disloyal.' And furthermore on the 10th day of April, 1950 the defendants composed and published in a written statement, a certain false and malicious libel, to wit that said plaintiff was disloyal to us her employers.

"Plaintiff as a result of the aforementioned libels has been exposed to hatred, contempt, ridicule, shame and disgrace, deprived of public confidence, injured in her right to pursue gainful employment, and injured in her reputation, all to her damage in the sum of $25,000 dollars, for which plaintiff asks judgment."

The trial court held that the petition did not state facts sufficient to constitute a good cause of action for libel. It will be observed that the petition in the one instance alleges that the defendants charged the plaintiff with being disloyal, and in the other instance with being disloyal to her employers. In each instance the charge of disloyalty is general and not specific, and as such is ambiguous and of a doubtful meaning. In the absence of an explanatory allegation it may be assumed and reasonably inferred that the first statement referred to disloyalty to her employers. The plaintiff in her petition has not alleged extrinsic facts by way of inducement or by direct averment showing the defamatory or libelous meaning of the use of the word "disloyal"; neither are special damages alleged. In the absence of such allegations a good cause of action is not stated unless the statement made is held to be actionable per se. The words used are susceptible of many different meanings, either of a defamatory or innocent significance. Where the words used are susceptible of an innocent interpretation they are not actionable per se; in such case it is necessary to establish by inducement and innuendo the defamatory character of the words used. **Vol. 25 O. Jur. 243, 244;** Vol. 33 Amer. Jur. 219; 53 C. J. S. p. 247, et seq. In Vol. 53 C. J. S. p. 43 it is stated:

"It has been held that words, in order to be defamatory per se, must be susceptible of but one meaning, and that an opprobrious one." (See numerous cases cited.)

Specifically, we hold that the simple statement that a person is disloyal in connection with his employment, without more, is not libelous per se. The case of **Ward v. League for Justice, 57 Abs 197,** 93 N. E. (2d) 723 (motion to certify overruled), is easily distinguishable upon the facts.

In our opinion the trial court properly sustained the demurrer and dismissed the action. Judgment affirmed.

HORNBECK, PJ, MILLER, J, concur.