255 P.2d 707

**RICHESON v. KESSLER.**

No. 7966.

Supreme Court of Idaho.

March 31, 1953.

Rehearing Denied April 21, 1953.

Charles H. Richeson and Harry Keyser, Boise, for appellant.

Karl Jeppesen, Boise, for respondent.

550

KEETON, Justice.

The parties to this action are practicing attorneys, duly admitted to practice in Idaho.

An action was pending in the District Court of Ada County, in which Lester F. Anderson and wife were plaintiffs, and the Village of Garden City and others defendants. Plaintiff was attorney for the Andersons. Defendant Kessler made an application to appear amicus curiae to which Mr. Richeson as attorney for the Andersons presented written objections in the form of a brief submitted to the District Judge. Thereafter Mr. Richeson was relieved of his employment as such attorney and Mr. Kessler, the defendant here, was employed for the further prosecution of the action. He then learned of the brief which had been filed with the District Judge objecting to his appearance amicus curiae, and evidently being irked and exercised, and not wanting the brief considered, wrote a letter to the District Judge, sending copies of the same to three several attorneys who had evidently made appearances in the case. The letter complained of is as follows:

"March 17, 1952

Hon. Oliver M. Koelsch
District Judge
Boise, Idaho
Dear Judge: Re: Anderson vs. Garden
City et al

As substitute counsel for plaintiffs in this action, we are asking you to withdraw from your consideration the purported memorandum brief lodged by Attorney Charles H. Richeson. [Plaintiff here.]

The plaintiff [sic] were without previous knowledge of the contents of said brief and tell me that many of the assertions made therein are untrue. Others are grossly misleading, and they do not wish to be bound by any such assertions.

As a brief is not a part of the record and probably is not subject to a motion to strike or expunge, so I am asking for withdrawal.

We feel further that the brief does not merit your consideration for the following reasons:

1. It does not argue any of the several issues which your Honor has now under consideration.

2. Portions of said brief are malicious and scurrilous, and definitely improper and unethical. It indulges a profusion of diabolical name-calling and contains an array of impertinent assertion, some of which are specifically false, and others are prejudicial half-truths designed to mislead, and are far from the whole truth.

Yours very truly,
Harry S. Kessler,
Attorney for Plaintiffs

HSK;sh
cc. Mr. J. M. Lampert
Mr. Dale Clemmons
Mr. J. W. Blaine"

Plaintiff deposes that the letter is libelous and seeks to recover damages.

Defendant filed a general demurrer to the complaint which was sustained and the proceedings dismissed. Hence this appeal.

■ A defamatory publication which touches an attorney in his profession and charges him with unprofessional, unethical conduct, and charges "malicious, scurrilous, and definitely improper and unethical" practices, and that an attorney "indulges a profusion of diabolical name-calling, impertinent assertions, false statements and prejudicial half-truths, designed to mislead" is libelous per se.

Secs. 18–4801 and 18–4804, I.C.; 53 C.J.S., Libel and Slander, § 38, page 85; 33 Am. Jur. 88, Sec. 76; Miller v. Nuckolls, 77 Ark. 64, 91 S.W. 759, 4 L.R.A.,N.S., 149; Kraushaar v. Lavin, Sup., 39 N.Y.S.2d 880; Levy v. Gelber, 175 Misc. 746, 25 N.Y.S.2d 148; Pierce v. Inter-Ocean Casualty Co., 148 S.C. 8, 145 S.E. 541; Ogust v. Institute for Public Service, 216 App.Div. 118, 214 N.Y.S. 662.

Defendant contends that the occasion and circumstances under which the letter complained of was written and published make it a privileged communication; hence no action can be maintained for damages.

The communication complained of was published in a judicial proceeding then pending in the District Court and the letter was in reply to a brief filed by plaintiff which purported to set forth reasons why the brief should be withdrawn and not considered.

The complaint does not allege that the publication was maliciously made, or that it was published with an intent to damage the plaintiff. The complaint sets forth haec verba the brief against which the letter complained of was directed and alleged that the statements to which Mr. Kessler so acrimoniously objected are true.

The question therefore presented is whether or not the defamatory matter alleged is privileged.

■ Expressing objections and requesting action in the form of a letter to a District Judge, and serving copies of the same on other counsel is a customary practice well recognized and often followed. The letter was written with reference and relation to the subject matter of the cause being litigated; and was, in effect, an objection or counter-showing to the subject matter of the brief. Hence the publication complained of was in the course of, connected with, and related to the judicial proceeding.

■ The term judicial proceeding is not restricted to trials, but includes every proceeding of a judicial nature before a court or official clothed with judicial or quasi judicial power, 53 C.J.S., Libel and Slander, § 104, page 169, and to be privileged it is not absolutely essential that the language be spoken in open court or contained in a pleading, brief or affidavit.

■ With certain exceptions, unimportant here, defamatory matter published in

the due course of a judicial proceeding, having some reasonable relation to the cause, is absolutely privileged and will not support a civil action for defamation although made maliciously and with knowledge of its falsity. 53 C.J.S., Libel and Slander, § 104, pages 167 and 170, 36 C.J. 1250, Sec. 223 and cases there cited; 33 Am.Jur. 123, Secs. 124 and 125; Carpenter v. Grimes Pass Placer Mining Company, 19 Idaho 384, 114 P. 42; See note 16 A.L.R. 746 and 158 A.L.R. 592; Anderson v. Hartley, 222 Iowa 921, 270 N.W. 460; Strycker v. Levell, 183 Or. 59, 190 P.2d 922; McKinney v. Cooper, 163 Or. 512, 98 P.2d 711.

The rule stated in 3 Restatement of the Law of Torts, 229, Sec. 586, is as follows:

"An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto."

The reason for the rule is one of public policy in which the law recognizes certain communications as privileged and cannot be used as the basis of actionable libel.

If litigants and attorneys were not privileged in their allegations in judicial proceedings, or if they were to be subjected to prosecution for libel under such circumstances as are here presented, justice would often be defeated.

Proceedings connected with judicature of the country are so important to the public good it is only in extreme cases and circumstances that a libelous publication in a judicial proceeding can be used as the basis for damages in a libel suit. Holdings in which a recovery has been allowed where privilege was pleaded as a defense are not applicable to the circumstances presented.

If the case of Dayton v. Drumheller, 32 Idaho 283, 182 P. 102, be construed as in conflict with the views herein expressed the same is expressly overruled.

Appellant further complains that on the sustaining of the general demurrer he was denied the right to amend the complaint. The record does not support this contention. The assignment is not argued in the brief and no citations of authority sustaining it are given. The transcript discloses that the general demurrer was sustained by an order dated July 2, 1952. The order from which this appeal is taken dismissing the action was not signed or filed until October 14, 1952. More than three months elapsed between the time the demurrer was sustained and the action dismissed. Plaintiff failed to plead in the meantime or ask leave to amend either before or after the judgment of dismissal. We conclude the plaintiff was not denied the right to amend if he desired to do so and the time that elapsed was more than

sufficient to allow an amendment. Hence we see no merit to this contention.

As what has been said disposes of this matter, assignments concerning errors in striking parts of the complaint as irrelevant and immaterial will not be discussed.

We find no error. Judgment is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.