VICTOR LASKY, Plaintiff, *v.* MURRAY KEMPTON et al., Defendants.

Supreme Court, Special Term, New York County, October 18, 1954.

*M. Marvin Berger* for defendants.

*Michael J. Kenny* for plaintiff.

MATTHEW M. LEVY, J.   This is an action for libel.   The plaintiff is an author and journalist.   The defendants are the owner of a newspaper, and its publisher, editor and a columnist.   The article complained of was written by the defendant Kempton, printed in his column and published in the newspaper of the codefendants.   General damages only are alleged.   The defendants move to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106), and, in the alternative, to strike out paragraph 10 of the complaint upon the ground that it is irrelevant and redundant and would tend to prejudice and embarrass the fair trial of the action (Rules Civ. Prac., rule 103).

On the main branch of the motion I must be guided by the principle that, on an application to dismiss a complaint for alleged inadequacy on its face, the pleading must be liberally construed in support of a holding of sufficiency (*Condon* v. *Associated Hosp. Service of N. Y.*, 287 N. Y. 411, 414; *Settembrini* v. *Greenberg*, 200 Misc. 832, 834).   The offending column

is made a part of the complaint in full. The issue before me then is, if given a "fair reading" does the article, "taken in its entirety, fairly raise a question as to whether the plaintiff was held up to public contempt and disgrace"? For, "if so found, such an article is libelous per se without alleging special damages." (*Balabanoff* v. *Hearst Cons. Publications,* 294 N. Y. 351, 356.) "It is not enough that a critic or a malignant may torture the expressions into a charge of a criminal or disgraceful act. Nor is it enough, on the other hand, that a possible and far-fetched construction may find an inoffensive meaning in the language" (*More* v. *Bennett,* 48 N. Y. 472, 476).

Taking the article as a whole and giving it a natural reading, according to its tenor, a clear impression is left that the plaintiff is or was a communist. As such the publication is actionable without claim of special damage. (*Mencher* v. *Chesley,* 297 N. Y. 94; *Grant* v. *Reader's Digest Assn.,* 151 F. 2d 733, certiorari denied 326 U. S. 797; *Foltz* v. *News Syndicate Co.,* 114 F. Supp. 599, 603; *Levy* v. *Gelber,* 175 Misc. 746.) Again, taking the article in its entirety, reading it naturally, and understanding it in accordance with its obvious tenor, characteristics are ascribed to the plaintiff that are incompatible with the conduct of his calling and thus impute professional unfitness. As such, again, the publication is actionable although no special damages are alleged (*Mencher* v. *Chesley,* 297 N. Y. 94, 100, *supra*; *Panster* v. *Wasserman,* 190 App. Div. 822; *Sanderson* v. *Caldwell,* 45 N. Y. 398, 406; *White* v. *Nicholls,* 44 U. S. 266; *Levy* v. *Gelber,* 175 Misc. 746, *supra*; *Restatement, Torts,* § 573).

As the application to dismiss the complaint for insufficiency must be denied, I now go to the alternative branch of the motion — to strike paragraph 10 from the complaint as irrelevant, redundant and prejudicial. That paragraph is quite lengthy — running over two full pages — and I see no advantage in a repetition of it here. In it is alleged in great detail not only what the plaintiff claims the defendants meant to and did charge in the publication in question — but also very many asserted facts are set forth which tend to support the charge that the article is defamatory. Thus the paragraph includes both "innuendos" and "extrinsic facts" — words and concepts of art in the law of libel. On occasion, they may properly blend, but I do not think that they should, as here, be functionally rolled up so completely together in one large mass of conglomerate confusion.

"The office of an innuendo is to explain what has already been expressed, but not to enlarge or change the sense of the

words used '' (*Cafferty* v. *Southern Tier Pub. Co.*, 226 N. Y. 87, 91). To put it another way, '' it is not the office of the innuendo to graft a meaning upon or enlarge the matters set forth (in the alleged defamatory article), but to explain the application of the words used '' (*Growman* v. *Globe Apts.*, 283 App. Div. 1050). Accordingly the authorities agree that the '' innuendo '' '' cannot be used to aver a fact '' or '' introduce new matter '' so as to extend the import of the language of the alleged libel (33 Amer. Jur., Libel & Slander, p. 220). When that is done, there is a species of defamation known as '' libel by extrinsic fact '' (Seelman on Law of Libel and Slander, p. 34; see, also, *O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352, 358–360, and *Balabanoff* v. *Hearst Cons. Publications*, 294 N. Y. 351).

I shall not at this time seek to separate the chaff from the wheat — the extrinsic fact (without which the article is not libelous, and special damages must be alleged) from the proper innuendo (where the article is libelous per se, and general damages may be sued for). I shall permit the plaintiff to do this spadework in the first instance on his own account; and, accordingly, the motion to strike paragraph 10 of the complaint under rule 103 of the Rules of Civil Practice is granted, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of the order with notice of entry. Order signed.