462 P.2d 629

**Robert L. STRYKER and Stryker Realty, Inc., a New Mexico Corporation, Plaintiffs-Appellants,**

**v.**

**BARBERS SUPER MARKETS, INC., a New Mexico Corporation, and J. C. Horn, Defendants-Appellees.**

**No. 370.**

Court of Appeals of New Mexico.

Dec. 5, 1969.

J. R. Crouch, Crouch & Lenko, Las Cruces, for plaintiffs-appellants.

W. A. Sloan, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

OPINION

WOOD, Judge.

The appeal is concerned with the privilege accorded to libelous matter appearing in pleadings filed in a lawsuit.

Defendants herein sued the plaintiffs in the District Court of Bernalillo County.

Defendants' complaint alleged plaintiffs conspired to and in fact did perpetrate a fraud upon defendants and recovered a secret profit. The complaint alleged these acts were in violation of plaintiffs' duties as real estate brokers and salesmen and in violation of § 67–24–29, N.M.S.A.1953 (Repl. Vol. 10, pt. 1, Supp.1969). Such a statutory violation would subject plaintiffs to criminal penalties. Section 67–24–34, N.M. S.A.1953 (Repl.Vol. 10, pt. 1, Supp.1969). The allegations were repeated in an amended complaint.

Plaintiffs sued defendants for libel. In their libel complaint, plaintiffs asserted that the allegations in the Bernalillo County suit were false, that defendants knew the allegations were false when they made them and that defendants made the allegations maliciously, recklessly and for the sole purpose of injuring the plaintiffs' reputation, good name and business. Plaintiffs also asserted that defendants knew or should have known that the allegation concerning the statutory violation accused plaintiffs of a crime.

Asserting the libel complaint failed to state a claim upon which relief could be granted, defendants moved to dismiss. The trial court sustained the motion. Plaintiffs appeal.

■ "A motion to dismiss for failure to state a claim upon which relief can be granted, * * * admits well-pleaded facts. * * *" Stewart v. Ging, 64 N.M. 270, 327 P.2d 333 (1958). Thus, when the trial court dismissed the complaint, it was admitted that defendants had included defamatory matter in the Bernalillo County complaint and had done so falsely and maliciously.

Judicial pleadings are privileged. Our concern is with the extent of the privilege and when it is to be accorded. Plaintiffs contend the privilege is not absolute. They assert that defamatory matter is privileged only if it is pertinent, relevant and material to the pleading in which the defamation appears and only if the pleading is without malice. Plaintiffs claim the trial court

committed two errors in dismissing their complaint. One, because pertinency, relevancy and materiality are questions of fact and thus could not be decided as a matter of law in ruling on the motion. Two, because, for the purpose of the motion, malice was admitted.

Plaintiffs cite Ward v. Ares, 29 N.M. 418, 223 P. 766 (1924) in support of these contentions. The case is not in point; it did not consider the privilege to be accorded defamatory material in judicial pleadings.

Generally, defamation in judicial proceedings is privileged even though the defamation is false or malicious. Veeder, Absolute Immunity in Defamation, 9 Colum. L.Rev. 463, 474 (1909). An apparent exception is Louisiana. See Sunseri v. Shapiro, 138 So.2d 661 (La.App.1962). The reason for this absolute privilege is stated by *Veeder*, supra, at 477, 478:

> "The absolute immunity of parties litigant rests upon the public policy which deems it desirable that all suitors, whether malicious and bold, or conscientious and timid, should have free access to the conscience of the State with whatever complaint they choose to make. This is necessary to a thorough and searching investigation of the truth. Should the parties to a cause be placed in fear of suits for libel or slander for reflections cast upon parties or others, * * * the trial of civil causes would be far less likely to lead to correct results than where such embarassment [sic] was not felt. Perfect freedom to say in their pleadings whatever the parties choose to bring to the consideration of the court or jury tends obviously to promote the intelligent administration of justice. * * *"

The courts, however, have not used uniform language in determining when this absolute privilege is to be accorded to the defamatory material. It has been held that the defamation is absolutely privileged only if the defamation is: (a) "relevant"—King v. Hildebrandt, 331 F.2d 476 (2nd Cir.1964); (b) "relevant or pertinent"—Fleming v. Adams, 153 N.Y.S.2d 964 (Sup.1956); (c)

"relevant or material"—Goodman v. Goldstein, 145 So.2d 882 (Fla.App.1962). As to this variety of language, Prosser, Law of Torts (3rd Ed.1964) states at p. 798:

" * * * Nearly all of the American courts, * * * have said that there is no immunity unless the particular statement is in some way 'relevant' or 'pertinent' to some issue in the case. On this basis defendants have been held liable, for example, for entirely foreign and irrelevant defamation of a person in no way involved in the suit. But it is generally agreed that 'relevancy' does not mean that the statement must come within the technical rules of evidence, * * * Most of our courts have adopted what appears to be a standard of good faith, requiring only that the statement have some reasonable relation or reference to the subject of inquiry, or be one that 'may possibly be pertinent,' with all doubts resolved in favor of the defendant—* *"

The following cases accord an absolute immunity to the defamation if it has a reasonable relation to the action. Whelan v. Wolford, 164 Cal.App.2d 689, 331 P.2d 86 (1958); Richeson v. Kessler, 73 Idaho 548, 255 P.2d 707 (1953); Fenning v. S. G. Holding Corp., 47 N.J.Super. 110, 135 A.2d 346 (1957); see Restatement, Torts § 587 (1938). *Fenning,* supra, states:

" * * * The doctrine that an absolute immunity exists in respect of statements, even those defamatory and malicious, made in the course of proceedings before a court of justice, and having some relation thereto, is a principle firmly established * * *."

The precise question has not been decided in New Mexico. Plaintiffs remind us of the statement in Stewart v. Ging, supra:

" * * * Absolute immunity from responsibility without regard to purpose, motive, or reasonableness of conduct is, and should be, confined to a very few rather well-recognized situations. * *"

That is true. But the situation here is one of those well recognized situations: " * * * [J]udicial proceedings were historically the first in which such a privilege [absolute immunity] was granted, * * *" 69 Harv.L.Rev. 875, at 920. See Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984 (1961).

We hold that defamatory matter in judicial pleadings, even if false and malicious, is absolutely privileged. To be accorded this privilege, however, the defamatory matter must be reasonably related to the subject of inquiry.

Plaintiffs contend the allegedly defamatory matter was not reasonably related to the subject of inquiry in the Bernalillo County case. We disagree. The allegations of conspiracy to defraud, fraud, violation of the duties of real estate brokers and salesmen and violation of § 67–24–29, supra, are the basis for the relief claimed in both the original and amended complaints. Plaintiffs would avoid this result because some of the relief sought in the Bernalillo County case was not against them. This does not change the result. All of the allegedly defamatory material was reasonably related to the subject of inquiry in that case and being reasonably related is to be accorded an absolute privilege.

Plaintiffs also contend that whether the defamatory matter is reasonably related to the subject of inquiry in the lawsuit is a question of fact. We disagree. The question is one of law and was properly decided by the court. See 69 Harv.L.Rev. 875, at 923; Whelan v. Wolford, supra; Richeson v. Kessler, supra; Dodge v. Henriod, 21 Utah 2d 277, 444 P.2d 753 (1968); Gold Seal Chinchillas, Inc. v. State, 69 Wash.2d 828, 420 P.2d 698 (1966); compare Stewart v. Ging, supra.

The order dismissing plaintiffs' complaint is affirmed.

It is so ordered.

SPIESS, C. J., and GERALD D. FOWLIE,* District Judge, concur.

* Sitting by designation.