SCHLYTTER and wife, and others, Respondents, v. LESPERANCE and wife, and others, Appellants.

*No. 153.  Submitted under sec. (Rule) 251.54 February 6, 1974.— Decided March 18, 1974.*
(Also reported in 215 N. W. 2d 552.)

The cause was submitted for the appellants on the briefs of *Thomas M. Kells* of Elm Grove, and for the respondents on the brief of *William H. Bowman* of Milwaukee.

HALLOWS, C. J. On April 15, 1971, the plaintiffs commenced this action against the defendants to quiet title to land in the village of Elm Grove, Waukesha county. The complaint sought relief expressly from defendant Russel J. Lesperance, who had recorded an affidavit in which he asserted an interest to the property under a written contract to repurchase it. It would seem the plaintiffs Robert O. Schlytter and Marion Schlytter,

his wife, Mero Susnar and Mileva Susnar, his wife, had purchased the land from Land Inventory, Inc., for the purpose of development and retail sale. The affidavit asserted that a repurchase option had been exercised. After some delaying tactics by the defendants Russel J. Lesperance and Virginia Lesperance, his wife, Land Investment, Inc., Todd Builders, Inc., and Award Design, Inc., and a denial to a demurrer, a denial of summary judgment, the reopening of default judgment, a denial for continuance of trial, and an affidavit of prejudice, a trial to the court was had in September of 1971. An answer and counterclaim was finally filed shortly before trial, which alleged the deed to the plaintiffs was in fact a mortgage. During the trial, the court allowed the plaintiffs to amend the complaint to add a cause of action seeking damages for slander of title by maliciously recording a false affidavit against the property. This cause of action prayed for a penalty of $1,000 and actual damages for violation of sec. 706.13, Stats.[1]

The trial court held in its memorandum decision of November 16, 1971, that the plaintiffs were entitled to have the title quieted against the claims of the defendants, that the defendant Lesperance maliciously slandered the title by recording a false affidavit and the plaintiff was entitled to recover against him the $1,000 penalty under sec. 706.13, Stats., and such actual damages as the plaintiffs were able to prove. They were given

---

[1] "706.13 **Slander of title.** In addition to any criminal penalty or civil remedy provided by law, the execution, placing of record or both of any instrument relating to the title to land, knowing the matter represented in such instrument to be false, spurious or sham, and intending thereby falsely to cloud or encumber the title, shall subject the person so executing or recording the same to liability in tort for damages, recoverable at the suit of any person interested in the land whose title is thereby impaired, in the penalty sum of $1,000, plus any actual damages caused thereby."

twenty days to make their damage claim and the defendant was likewise given twenty days to respond. After the plaintiffs filed a claim for $47,164.56 damages, the defendants objected on two grounds: (1) The plaintiffs had no cause of action for a penalty or damages under sec. 706.13 because the statute was enacted after the slander of title had occurred and the section should not be applied retroactively; and (2) any cause of action for damages at common law was barred by the statute of limitations. These objections were later put in the form of a demurrer and answer to the amended complaint, and a jury trial demanded on the issues created.

Thereafter, in March, 1972, the court made its findings of fact and conclusions of law based on its prior written opinion of November 16, 1971; and a judgment was entered quieting title, finding Lesperance liable for slandering title and directing the assessment of the plaintiffs' actual damages to be made in a subsequent proceeding. A proposed mandate that the plaintiffs recover the statutory penalty as provided in sec. 706.13, Stats., in the sum of $1,000 was stricken from the judgment form and is not an issue on this appeal. In a subsequent written decision of March 23, 1972, the court stated the statutory penalty could not be applied retroactively and set the determination of actual damages by the court and jury for March 29, 1972. Prior to this date, the court had sustained the defendants' demurrer to the amended complaint as to the penalty and had overruled that part of the demurrer in respect to actual damages under sec. 706.13. By this action, the trial court brought the pleadings in conformity with its prior written decision.

As the matter stood on March 27th, there was an order allowing actual damages under sec. 706.13, Stats., and a trial on the issue of damages to be held two days later. It is claimed in the brief by the appellant that he immediately appealed from this order. The notice of appeal

is dated March 27th and was served on the clerk of the court at 10:15 in the morning and upon plaintiff's counsel at 1:45 p. m. However, it is claimed in the brief that later that day the court *ex parte* changed the order, striking out that the damages were allowed under sec. 706.13. Thus, the record shows an appeal from a judgment which apparently was changed after the notice of appeal was filed. The brief of the defendants is based on the theory that the judgment appealed from granted damages under sec. 706.13. The plaintiffs ignore this issue and consider the appeal from a judgment recognizing the cause of action at common law. If we consider the judgment as being properly amended, then the defendants' argument that sec. 706.13 cannot be applied retroactively becomes moot and only his second issue of whether this section can revive a cause of action barred by the statute of limitations stands. On this narrow issue, we would decide for the defendants because we hold that the enactment of this section did not revive a cause of action barred by the statute of limitations. However, if we view the appeal from the standpoint of the trial court and the plaintiffs, sec. 706.13 is not applicable at all; and if any damages are recoverable, they must be based upon a cause of action which existed at common law. As we understand Lesperance's position, he does not dispute the existence of a cause of action at common law for the intentional tort of maliciously and falsely slandering title to real estate. His defense is that such a cause of action is barred by the statute of limitations.

The plaintiffs' brief contends the trial court may award damages as an incident to a quieting title action and that the defendants may not assert the statute of limitations at the stage of the proceeding they did. Plaintiffs rely on the prayer in the original complaint. This prayer was the usual "for such other and further relief as

may be just and equitable." But a prayer is no part of the factual pleading in a complaint and to receive "such other and further relief" there must be facts alleged supporting it. The plaintiffs received their main relief, the quieting of title and there were no facts alleged in the original complaint for "further relief." The plaintiffs' ground for recovery must be on the amended complaint in which he stated a second cause of action. We do not understand the record to show that this amendment was to conform the pleadings to the proof. Thus, at the time of the amendment of the complaint to state a second cause of action, the defendants were entitled to answer this amended complaint and meet the new issue created. Consequently, the pleading of the statute of limitations to the second cause of action was proper. This was recognized by the trial court in passing upon the pleading. However, the issue of the statute of limitations was not adequately tried to the court; indeed the whole issue of damages was poorly tried. The record is inconclusive to show the defendant's residence during 1968, 1970, 1971, and that it was such as to toll the statute.

We think there exists a cause of action for a malicious, intentional slander of title at common law and that sec. 706.13, Stats., so far as damages are concerned, was merely declaratory of the common law. No question is raised whether the court had jurisdiction to grant *in personam* relief in a quieting of title action, which is primarily an *in rem* action. Where personal jurisdiction is obtained, as it was here, although belatedly, a personal judgment may be entered against the defendant. *See* Restatement, *Judgments,* p. 7, sec. 3. Some states allow recovery of damages for slander of title in an action to quiet title as incidental relief (*see* 74 C. J. S., *Quieting Title,* pp. 149, 150, sec. 99), but the pleadings in this case do not seek damages as incidental relief. There is

no recent case on this issue in Wisconsin. One Wisconsin case suggests there may be a recovery of damages for slander of title incidentally to an action to quiet title. *See Feiten v. City of Milwaukee* (1879), 47 Wis. 494, 498, 2 N. W. 1148. If this is so, there are logical grounds for a separate cause of action for damages in those cases where there is an intentional tort. *See also Akerly v. Vilas* (1868), 23 Wis. 207. We do not decide the question of whether the amended complaint is insufficient for failure to plead special damages or whether the plaintiff has limited himself in his recovery of damages. *See Maxwell v. Stack* (1945), 246 Wis. 487, 497, 17 N. W. 2d 603. The fact the amended complaint referred to sec. 706.13, Stats., is not fatal. The section, being declaratory of the common law, did not create a cause of action nor did it destroy the common-law cause of action.

We think in the interest of justice that this case must be retried on the issue of a common-law action for slander of title including the issue of statute of limitations and scope of damages. Consequently, the order overruling the demurrer in respect to damages must be reversed and the cause sent back for further proceedings.

*By the Court.*—The order is reversed, and the cause sent back for further proceedings not inconsistent with this opinion.