619 P.2d 1256

The **HERTZ CORPORATION, Rent–A–Car Division, a Delaware Corporation,** Plaintiff–Appellant, Cross–Appellee,

v.

John **PALONI, Defendant–Appellee, Cross–Appellant.**

No. 4439.

Court of Appeals of New Mexico.

Nov. 6, 1980.

James M. Kennedy, Coors, Singer & Stratton, P. A., Albuquerque, for plaintiff–appellant.

Robert D. Levy, Conway & Levy, P. A., Albuquerque, for defendant–appellee.

L. Michael Messina, Messina, Turk & Hughes, Albuquerque, for defendant–appellee.

## OPINION

LOPEZ, Judge.

Hertz sued Paloni in district court for damages arising from lost revenue and use of one of its rental vehicles which had been stolen and was recovered on Paloni's business premises, the Standard Truck Stop in Albuquerque. Paloni counterclaimed for storage fees and also requested damages for abuse of process. The vehicle had been abandoned at Paloni's truck stop. Paloni had been aware of its presence there for about ten months. When he learned that Hertz owned the car, he notified Hertz that he had it on his lot. Hertz then replevied the car and, having obtained possession of it, caused its action to be dismissed, *ex parte*. The case was reinstated on Paloni's motion. The court granted Paloni summary judgment on his claim for storage fees, and dismissed all other claims, of both parties, with prejudice. Hertz and Paloni both appeal.

In May of 1978, a Pontiac Le Mans was stolen from Hertz' office in Denver, Colorado. Paloni discovered this car had been left on his premises around May 15th. He moved the car for safe–keeping, locked it and placed signs in the windows saying "Held for Storage." In early June, he notified the Albuquerque Police Department that the car was on his property. After that, he heard nothing from them. Nine months later, in March 1979, he notified the Bernalillo County Sheriff's Department that this car, of unknown ownership, was sitting on his property. Captain Fullington, whom he had notified, made a quick investigation and learned that the car had been reported stolen and that it belonged to Hertz. The theft report had been filed by Hertz in Denver in November of 1978. Pal-

oni immediately notified Hertz in Albuquerque that he had the car. He wanted storage fees of $5.00 per day, however. In response, Hertz obtained a writ of replevin and recovered the car. In order to obtain this writ, Hertz' agent, Michale Couch, had filed an affidavit stating that he believed Paloni would conceal, dispose of, or waste the property during the pendency of the action. Later, in his deposition, Couch stated under oath that he had no reason to believe this. On April 19, 1979, Hertz, having obtained possession of the car, moved to have its complaint dismissed with prejudice. The court granted the motion. Although no answer had been filed, as of that date, Paloni's attorney had filed an entry of appearance and a notice to take the deposition of Mr. Couch. Couch had been served with a subpoena on April 11th. On Paloni's motion, the district court reopened the lawsuit. Hertz amended its complaint to seek damages for loss of use of its automobile. Paloni filed his counterclaim. The court dismissed with prejudice Hertz' complaint and Paloni's claim of abuse of process. It granted Paloni summary judgment on his claim for storage fees.

The issues before us are: 1. whether summary judgment against Hertz on its claim of wrongful detention was proper; 2. whether Paloni should have been awarded storage fees on summary judgment; and 3. whether the district court should have awarded summary judgment against Paloni on his abuse of process claim. We affirm the district court on the third issue only. Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. N.M.R.Civ.P. 56(c), N.M.S.A. 1978. Summary judgment will not be granted if the court finds evidence sufficient to create a reasonable doubt as to the existence of a genuine issue. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977), *citing Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

I. *Hertz' claim for damages for loss of use.*

Because there is a genuine issue of material fact in dispute, summary judg-

ment on Hertz' claim was improper. The factual issue in dispute is whether Paloni is in the business of garaging, storing or repairing vehicles for the public.

The sole claim for damages for loss of use in the amended complaint is that Paloni wrongfully detained the car in that he violated § 66–3–203, N.M.S.A. 1978. Paloni asserts that this statute does not apply to him. The statute reads:

An operator of a place of business for garaging, repairing, parking or storing vehicles for the public, in which a vehicle remains unclaimed for a period of thirty days, shall, within five days after the expiration of that period, report in writing to the New Mexico state police at Santa Fe and the sheriff of the county in which the unit is stored, setting forth the make of car, model–year, [and] engine, serial and vehicle numbers of the vehicle unclaimed. A person who fails to report a vehicle as unclaimed in accord with this subsection forfeits all claims and liens for its parking or storing and is guilty of a misdemeanor punishable by a fine of not more than twenty–five dollars ($25.00).

In essence, Paloni claims that he is not "an operator of a place of business for garaging, repairing, parking or storing vehicles for the public". *Id.* His business is the operation of the Standard Truck Stop. He does lease space on the premises to a wrecker service and to a business which repairs vehicles. There is evidence that Paloni allows truckers who use his stop to park their cars while they are on their runs, and that he has, on at least one other occasion, charged storage fees for a vehicle that was parked there. The question of whether Paloni is in the business of garaging, repairing or parking, vehicles for the public is a question of fact. It is a material fact because Hertz' wrongful detention claim is based on the statute. Since the claim is limited to this statute, other theories of liability for wrongful detention have not been considered.

II. *Paloni's counterclaim for storage fees.*

As a matter of law, Paloni has no claim for storage fees. The district court erred in granting him summary judgment on this issue.

Hertz maintains that Paloni's action for storage fees is barred by § 66–3–203. Paloni asserts that this statute is not applicable to him. Clearly, if § 66–3–203 does apply to Paloni, it would bar his suit, due to his undisputed failure to notify the New Mexico State Police and the county sheriff that he was in possession of an unclaimed vehicle within the time limit prescribed in that statute.

However, even if § 66–3–203 does not apply to Paloni, he has no cause of action. Paloni asserts no statutory right to storage fees. His claim is based on common law. A person who, in the absence of a mutual contract of bailment, lawfully acquires the possession of another's personal property is generally considered to be a constructive bailee. *Mack v. Davidson*, 55 App.Div.2d 1027, 391 N.Y.S.2d 497 (1977); *United States Fire Insurance Co. v. Paramount Fur Service, Inc.*, 168 Ohio St. 431, 156 N.E.2d 121 (1959). A constructive bailee is a person who acquires possession of another's property by mistake, accident or through force of circumstances under which the law imposes upon him the duties of a bailee. *Armored Car Service, Inc. v. First National Bank of Miami*, 114 So.2d 431 (Fla. App.1959); *Capezzaro v. Winfrey*, 153 N.J. Super. 267, 379 A.2d 493 (1977). Such bailment is ordinarily considered gratuitous, *Paramount Fur Service*, if there is no reasonable basis for implying an intent of mutual benefit. *Armored Car Service* ; 9 Williston, Contracts § 1032 (1967); 8 Am.Jur.2d *Bailments* § 64 (1980); *see, Capezzaro; Mack.* A finder of lost property is a typical case of a gratuitous bailee. Laidlaw, *Principles of Bailment*, 16 Cornell L.Q. 286 (1931). Under the facts of the case before us, Paloni is an involuntary or constructive bailee. He did not acquire Hertz' car unlawfully, nor by a mutual agreement with Hertz. Rather, it came into his possession accidentally. There is no reasonable basis for implying an intent of mutual benefit. As a gratuitous bailee, Paloni is not entitled to storage fees at common law.

Since Paloni has no common law cause of action for storage fees, and he does not claim any statutory right to them, Hertz is entitled to summary judgment as a matter of law. There is no genuine issue of material fact in dispute, because, for the purpose of this cause of action, it is immaterial whether or not § 66–3–203 applies to Paloni. In either event, he has no enforceable claim.

III. *Paloni's counterclaim for damages for abuse of process.*

As a matter of law, Paloni has no claim for abuse of process. Summary judgment was properly granted to Hertz on this issue.

 There are generally three elements necessary for an action for abuse of process: 1. the existence of an ulterior motive; *Farmers Gin Co. v. Ward*, 73 N.M. 405, 389 P.2d 9 (1964); 2. an act in the use of process which would not be proper in the regular prosecution of the charge; *Id.*; and 3. the plaintiff must suffer damages. *Quaranto v. Silverman*, 345 Mass. 423, 187 N.E.2d 859 (1963); *Richardson v. Edgeworth*, 214 So.2d 579 (Miss.1968); *J.C. Penney Co. v. Gilford*, 422 S.W.2d 25 (Tex.Civ.App.1967). The interrelationship between the second and third elements has sometimes been stated as the requirement that there be an unlawful interference with the plaintiff's person or property. *Drago v. Buonagurio*, 61 App. Div.2d 282, 402 N.Y.S.2d 250, *rev'd on other grounds*, 46 N.Y.2d 778, 413 N.Y.S.2d 910, 386 N.E.2d 821 (1978); *see, Farmers Gin Co.*

There was no interference to Paloni's person or property when Hertz replevied the Pontiac. Had Paloni had a legitimate claim on the vehicle, Hertz' action might have constituted such interference. On the contrary, Paloni had no legal claim to storage fees, and the vehicle he was holding was not his property. The replevy action, although quite possibly improper, did not result in any damage to Paloni. His claim for abuse of process must fail as a matter of law.

The judgment against Hertz on its claim for damages for loss of use is reversed, as is the judgment awarding Paloni damages for storage fees. The district court is instructed to enter a judgment dismissing Paloni's counterclaim on this issue. The judgment against Paloni on his abuse of process claim is affirmed. The cause is remanded to the district court for a determination of whether § 66–3–203 is applicable and for proceedings consistent with this opinion.

IT IS SO ORDERED.

ANDREWS, J., concurs.

WOOD, C. J. (concurring only in the result).