684 P.2d 1182

**Barbara PENNY, Plaintiff-Appellant,**

v.

**Frederick H. SHERMAN, Defendant-Appellee.**

**No. 7458.**

Court of Appeals of New Mexico.

July 10, 1984.

Certiorari Denied Aug. 7, 1984.

Anthony F. Avallone, Law Systems of Las Cruces, P.A., Las Cruces, for plaintiff-appellant.

Neil E. Weinbrenner, Weinbrenner, Richards, Paulowsky & Sandenaw, P.A., Las Cruces, for defendant-appellee.

## OPINION

MINZNER, Judge.

Appellant Barbara Penny ("Penny") appeals from the district court's order granting appellee Frederick H. Sherman ("Sherman"), an attorney, summary judgment in a libel action. The lawsuit involved an allegedly defamatory letter Sherman published by sending a copy to Penny's employer. The district court granted summary judgment on grounds of absolute privilege. We affirm.

FACTS

Florence Spencer died in Deming, New Mexico on April 24, 1979, devising all of her estate by will to Anita Downey, her sister, and Louis Zapf, her nephew. The beneficiaries of the will, who are domiciled

outside New Mexico, went to Deming shortly after Ms. Spencer's death to settle the estate. While in Deming, they met Penny, an employee of the Deming Senior Citizens Center ("Center"), who was identified to them as a friend of the decedent who had known her through the Center. The beneficiaries and Penny discussed the disposition of various items of tangible personal property that had belonged to the decedent. The beneficiaries claim that Penny agreed to sell certain items and account for the proceeds. Penny claims that she agreed only to distribute some items to anyone who might be able to use them, and that the beneficiaries gave her one item in exchange for services she rendered to the estate.

Sherman was hired to represent the estate, and the personal representative, Mr. Zapf, gave him authority to collect the assets and distribute the residue to the beneficiaries. During the administration of the estate, the beneficiaries became concerned when Penny had not accounted for the property they believed she had agreed to sell. They requested that Sherman contact Penny and demand the return of the property or its value. Sherman had some contact with Penny and then wrote her a demand letter on October 9, 1979.

The letter, which references the Florence Spencer Estate, states, "Unfortunately we are missing a significant amount of property and everyone I talked to indicates you have the property." The letter details the various items at issue, and informs Penny that if satisfaction is not forthcoming, the estate will take legal action. The letter concludes:

> If I do not hear from you by the 17th day of October, I will assume that you have these items and do not desire to pay the value or return the items to the estate and that suit will be necessary to resolve this one uncompleted matter within the estate. The choice is yours.

Penny responded by letter on October 15. Her letter summarizes the items in dispute and states that the items either were not left in her possession, were given to her in consideration for work done for the deceased, or had been disposed of pursuant to the beneficiaries' request.

Sherman sent the personal representative a copy of Penny's letter. Thereafter, the beneficiaries requested that Sherman contact the Center in an effort to collect the property or the money from its sale and in order to advise the Center of their problems with Penny.

As a result, Sherman communicated with Mr. Merrill Haines ("Haines"), director of the Center, in either the winter of 1979 or in January 1980, regarding the dispute between Penny and the estate. The nature of the communication does not appear in the record. Thereafter, at Haines' request, Sherman sent him a copy of the demand letter. Penny based her action for libel on this act.

The probate proceeding was closed February 19, 1980. Sherman never brought action against Penny on behalf of the estate.

The trial court granted summary judgment on the grounds that Sherman's letter was absolutely privileged, relying on *Romero v. Prince*, 85 N.M. 474, 513 P.2d 717 (Ct.App.1973). In granting summary judgment, the trial court noted that the publication was not libelous per se and expressed the view that the complaint was subject to dismissal for failure to allege either the requisite knowledge of extrinsic circumstances or special damages. We assume, but do not decide for purposes of this appeal, that the statements in the letter are libelous.

## ABSOLUTE IMMUNITY

In *Romero*, we held an attorney's letter absolutely privileged because it was reasonably related to the judicial proceeding in the course of which the statement was made. The *Romero* court relied on the *Restatement of Torts* Section 586 (1938) for the rule that:

"An attorney at law is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto."

85 N.M. at 476, 513 P.2d at 719. The *Restatement (Second) of Torts* Section 586 (1977) states essentially the same rule.

Penny contends that the trial court's reliance on *Romero* in support of summary judgment was erroneous. She contends that *Romero* held that an essential element necessary to support the application of absolute privilege was "publication to a person with a direct interest in the judicial proceeding." Penny contends that because Haines had no direct interest in the probate proceeding, publication of the letter to him was not privileged. We disagree.

■ *Romero* stands for the proposition that *any* letter from an attorney that is reasonably related to an ongoing or contemplated judicial proceeding is absolutely privileged. Those are the only requirements *Romero* applied to the question of whether a publication is absolutely privileged. Publication to a person with a direct interest in the judicial proceeding is not an independent element in the absolute privilege analysis. The direct interest of the recipient is one factor in the analysis of whether a publication has such a relation to a judicial proceeding that the absolute privilege applies.

Several courts have recognized absolute immunity for publication to an individual or organization without a direct interest in the relevant proceeding where the recipient nonetheless had some interest in the proceeding. *See Libco Corp. v. Adams,* 100 Ill.App.3d 314, 55 Ill.Dec. 805, 426 N.E.2d 1130 (1981) (holding that attorney's letter to another attorney involved in a separate proceeding against a common defendant was privileged); *Sriberg v. Raymond,* 544

F.2d 15 (1st Cir.1976) (holding that an attorney was privileged in sending a copy of a demand letter to an escrow agent when the letter might have persuaded the agent to release disputed funds to the attorney's client); *Hagendorf v. Brown,* 699 F.2d 478 (9th Cir.), *modified,* 707 F.2d 1018 (1983) (holding that an attorney was privileged in sending a demand letter that alleged copyright infringement not only to the author but also to the author's publisher, which was a potential defendant in the prospective suit for infringement). The cases which have considered similar out-of-court communications to a third party have required that the recipient have an interest in or connection to the judicial proceeding and that the attorney's communication have a sufficient relationship to the subject matter of the proceeding. *See generally* Annot., 23 A.L.R.4th 932 (1983).

■ The absolute privilege is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. *Restatement (Second) of Torts* § 586 comment a. All doubt should be resolved in favor of recognizing the privilege. *Russell v. Clark,* 620 S.W.2d 865 (Tex.Civ.App.1981). Only in extreme cases will a publication made in connection with a judicial proceeding serve as the basis for a defamation action. *Richeson v. Kessler,* 73 Idaho 548, 255 P.2d 707 (1953).

■ The question of the relationship between the alleged defamatory matter and the proposed or existing judicial proceeding is a question of law to be determined by the court. *Romero.* If the communication to Haines was within the absolute immunity, summary judgment was proper. Given the principles governing the recognition of absolute immunity, we hold that the privilege applies in the circumstances of this case.

By its terms, the letter was a communication during the course of the probate of the estate designed to achieve the interests

of Sherman's clients. It was a demand letter written on behalf of the personal representative in an effort to accomplish his legal obligation to collect estate assets. Under the New Mexico Probate Code, the personal representative "shall take all steps reasonably necessary for the management, protection and preservation of the estate in his possession. He may maintain an action to recover possession of property or to determine the title thereto." NMSA 1978, § 45–3–709. The substance of the letter related to the ongoing probate proceedings and to a potential suit related to those proceedings.

The question of the recipient's interest in the probate proceeding or the potential suit is much more difficult. There is no allegation in the various affidavits filed with respect to the motion for summary judgment that the Center had any of the property.

There is, however, an allegation in an affidavit that prior to her death Ms. Spencer was a "client" of the Center. There are also allegations in the affidavits that Penny became acquainted with the decedent through the Center. Penny's affidavit indicates that the heirs came to Deming before Ms. Spencer died and that she gave the personal representative information about the Deming area and services available to them and to Ms. Spencer. There is also an allegation that Haines asked for a copy of the letter after having been contacted by Sherman. Finally, the affidavits indicate that the Center has some public responsibility for the affairs of senior citizens and that the beneficiaries perceived Penny's dealings with them as related to her job with the Center.

These allegations provide a basis for the Center's interest in the probate proceedings. The Center is an organization with which the decedent had been associated. The beneficiaries were domiciled in another state. It was reasonable for the personal representative to consider the Center as a local resource for information and assistance in administering the estate. It was

reasonable for the personal representative to complain to the Center about the dispute. Sherman was entitled to use the letter in confirming the existence, nature, and status of the dispute. *Cf. Dempsky v. Double*, 386 Pa. 542, 126 A.2d 915 (1956) (in which the court sustained publication of a letter to an organization which the writer hoped would cooperate in the letter's request for an investigation).

Publication of the letter to Haines as the director of the Center was reasonably related to the ongoing judicial proceeding and, consequently, was absolutely privileged. We recognize that courts have refused to apply the absolute privilege to communications made to recipients wholly unrelated to the proceeding. *Compare Kennedy v. Cannon*, 229 Md. 92, 182 A.2d 54 (Ct.App. 1962) (attorney's communication with newspaper was outside absolute immunity) *and Converters Equipment Corp. v. Condes Corp.*, 80 Wis.2d 257, 258 N.W.2d 712 (1977) (letters addressed by attorney to defendant's customers, none of whom was connected with the lawsuit, was outside privilege). This is not such a case. Application of the privilege under these circumstances is consistent with the policy of according an attorney the utmost freedom in the legitimate pursuit of his client's interests.

CONCLUSION

Under these circumstances, Sherman has established that he is entitled to judgment as a matter of law. Summary judgment for Sherman was proper.

Because we affirm on the absolute privilege issue, we do not reach the question of the sufficiency of Penny's allegations of special damages.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.