712 P.2d 1378

**SUPERIOR CONSTRUCTION, INC.,
Plaintiff-Appellant,**

v.

**Thomas LINNEROOTH, et al.,
Defendants-Appellees,**

**Thomas LINNEROOTH, Third Party
Plaintiffs-Appellees,**

v.

**Clifford DeWENT and Frances DeWent,
his wife, Third Party
Defendants-Appellants.**

No. 15488.

Supreme Court of New Mexico.

Jan. 27, 1986.

---

Lamb, Metzgar & Lines, P.A., G. Richard Mantlo, Albuquerque, for appellants.

Paskind, Lynch & Printz, P.A., Martin B. Paskind, Kevin Hammar, Albuquerque, for appellee Linnerooth.

Jon H. Tuthill, Albuquerque, for appellee American Service Corp.

## OPINION

RIORDAN, Chief Justice.

Superior Construction, Inc. (Superior) brought suit against Thomas and Nancy Linnerooth (Linnerooths) on a debt and money due for breach of contract and against American Service Corporation (American) to have a deed by American to the Linnerooths declared null and void, and for specific performance under a real estate purchase agreement, claiming a one-third interest in the property involved. Superior also filed a notice of lis pendens against the land in question. The Linnerooths counterclaimed against Superior for negligence, slander of title[1] and for quiet title. Linnerooths also brought a third-party action against Clifford and Frances DeWent (DeWents) for slander of title. Clifford DeWent was president of Superior. After a non-jury trial, judgment was entered dismissing Superior's complaint against Linnerooths and American, dismissing Linnerooths' counterclaim and third-party claim with regard to negligence, and quieting title in Linnerooths and awarding

damages to them for slander of title. Superior and DeWents appeal. We reverse.

The issues raised on appeal are:

I. Whether the filing of the notice of lis pendens in connection with this case was within the absolute privilege accorded judicial proceedings and thus, could not form the basis for a slander of title action.

II. Alternatively, whether the filing of the notice of lis pendens in connection with this case should have been accorded a conditional privilege and, since there was not showing of actual malice, it could not form the basis for a slander of title action.

III. Whether substantial evidence supported the district court's finding that the statement in the notice of lis pendens was malicious.

IV. Whether the Linnerooths failed to prove damages with reasonable certainty.

Because our handling of Issue I is dispositive, we find it unnecessary to address the remaining issues.

In September 1980, Mr. DeWent met with the Linnerooths and their real estate agent to discuss the possibility of Superior constructing a house for the Linnerooths. The Linnerooths were interested in having their house built on a particular lot held by another builder. After this first meeting, Mr. DeWent attempted to purchase the lot in order to contract with the Linnerooths to build their home, but was unable to do so.

In December 1980, Mr. DeWent learned that the lot the Linnerooths had wanted earlier might now be available. Mr. DeWent called the Linnerooths and confirmed that they were still interested in the lot and in having Superior build their home. Mr. DeWent told the Linnerooths that they needed ten percent down ($2,600.00) to purchase the lot, plus another $1,000.00 to

---

1. The basis of the slander of title action was that the lis pendens clouded their title and thereby delayed the closing on the property.

have the owner release the lot. Mr. DeWent then called the owner of the lot and told them that he would pay $1,000.00 if they would turn the lot back to American (who had previously owned the lot). The owner agreed to this and Mr. DeWent paid the $1,000.00.

On December 24, 1980, Mr. DeWent and Mrs. Linnerooth met at American in order to sign the purchase papers for the lot. At this meeting, Mrs. Linnerooth was informed that she would have to pay all of the accrued interest on the lot ($3,000.00). Mrs. Linnerooth agreed to make this additional payment, and she and Mr. DeWent signed the the purchase agreement.[2] Mr. Linnerooth signed the purchase agreement at a later time. Mrs. Linnerooth then gave Mr. DeWent a check for $3,600.00.

In February 1981, Mr. DeWent met with the Linnerooths to discuss plans for the Linnerooths' house. At that meeting, the Linnerooths paid Superior $1,500.00 for the plans. Over the next fifteen months, Mr. DeWent and the Linnerooths met several times and the plans for the Linnerooths' home underwent many changes. During that fifteen months, Superior sent the Linnerooths several bills for changes in the drawings. The Linnerooths met with Mr. DeWent about discrepancies in the bills, but they continued to pay the bills. Finally, in July 1982, the Linnerooths met with Mrs. DeWent, who acted as Superior's bookkeeper, about a further discrepancy in the billing. At that time, the Linnerooths asked for the blueprints to their house and told the DeWents that they were going to seek other bids for construction of their home. The Linnerooths subsequently contracted with Pargin Construction Company to build their home. On November 23, 1982, Superior initiated the instant suit against the Linnerooths and American. At that time, Superior also filed a notice of lis pendens against the Linnerooths' property.

## I. Absolute privilege.

■ Superior and DeWents assert that the district court erred in allowing judgment for the Linnerooths on the slander of title claim because the filing of a notice of lis pendens should be accorded the absolute privilege given to judicial proceedings. We agree. NMSA 1978, Section 38–1–14 states in pertinent part:

> In all actions in the district court of this state or in the United States district court for the district of New Mexico affecting the title to real estate in this state, the plaintiff, at the time of filing his petition or complaint, or at any time thereafter before judgment or decree, may record with the county clerk of each county in which the property may be situate a notice of the pendency of the suit containing the names of the parties thereto, the object of the action and the description of the property so affected and concerned ... and [this] shall be constructive notice to a purchaser or encumbrancer of the property concerned; and any person whose conveyance is subsequently recorded shall be considered a subsequent purchaser or encumbrancer and shall be bound by all the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action.

The issue of whether the filing of a notice of lis pendens is absolutely privileged is a matter of first impression in New Mexico. However, the majority of cases from other jurisdictions that have dealt with the question have held that such filing enjoys the absolute privilege that is accorded to judicial proceedings. *Albertson v. Raboff,* 46 Cal.2d 375, 295 P.2d 405 (1956); *Stewart v. Fahey,* 14 Ariz.App. 149, 481 P.2d 519 (1971); *Hauptman v. Edwards, Inc.,* 170 Mont. 310, 553 P.2d 975 (1976); *Hansen v. Kohler,* 550 P.2d 186 (Utah 1976); · *Wendy's of South Jersey, Inc. v.*

---

**2.** The evidence shows that DeWent's signature was placed on the purchase papers because American was interested in selling only to buy-

ers that it could be assured would build within a certain time. DeWent's signature, as a builder, was therefore attached to the purchase papers.

*Blanchard Management Corp. of New Jersey,* 170 N.J.Super. 491, 406 A.2d 1337 (1979); *Zamarello v. Yale,* 514 P.2d 228 (Alaska 1973); *Procacci v. Zacco,* 402 So.2d 425 (Fla.App.1981). The rationale of those courts that have decided the question is as follows:

(1) With few exceptions, any publication made in a judicial proceeding enjoys absolute privilege from later charges of defamation.

(2) The sole purpose of recording a notice of lis pendens is to give to prospective buyers constructive notice of the pendency of the proceedings.

(3) The notice of lis pendens is purely incidental to the action wherein it is filed, and refers specifically to such action and has no existence apart from that action.

(4) The recording of a notice of lis pendens is in effect a republication of the proceedings in the action and therefore, it is accorded the same absolute privilege as any other publication incident to the action.

The court in *Albertson* succinctly stated:

It would be anomalous to hold that a litigant is privileged to make a publication necessary to bring an action but that he can be sued for defamation if he lets anyone know that he has brought it, ... particularly when he is expressly authorized by statute to let all the world know that he has brought it....

46 Cal.2d at 380, 295 P.2d at 409 (citation omitted).

New Mexico courts have long recognized the absolute privilege accorded judicial proceedings. *See Penny v. Sherman,* 101 N.M. 517, 684 P.2d 1182 (Ct.App.), *cert. denied,* 101 N.M. 555, 685 P.2d 963 (1984); *Romero v. Prince,* 85 N.M. 474, 513 P.2d 717 (Ct.App.1973); *Stryker v. Barbers Super Markets, Inc.,* 81 N.M. 44, 462 P.2d 629 (Ct.App.1969). Further,

[i]t is not absolutely essential, in order to obtain the benefits of absolute privilege, that the language claimed to be defamatory be spoken in open court or contained in a pleading, brief, or affidavit.... If the alleged defamatory statement is made to achieve the objects of the litigation, the absolute privilege applies even though the statement is made outside the courtroom and no function of the court or its officers is invoked.

*Romero v. Prince,* 85 N.M. at 477, 513 P.2d at 720 (citation omitted).

As previously noted, Section 38–1–14 authorizes the filing of a notice of lis pendens. Further, under our statute the notice of lis pendens serves merely for constructive notice to subsequent purchasers and encumbrancers. It is therefore merely a republication of the pleadings filed in the pending judicial proceeding and it should enjoy the same absolute privilege accorded those proceedings.

■ It is "[o]nly in extreme cases [that] a publication made in connection with a judicial proceeding [will] serve as the basis for a defamation action." *Penny v. Sherman,* 101 N.M. at 520, 684 P.2d at 1185. The kinds of extreme circumstances that allow for a defamation action arising from publication of material in a judicial proceeding are those in which the defamatory material is irrelevant or immaterial to the cause or subject of inquiry. 53 C.J.S. *Libel and Slander* § 104c(a) (1948). If the defamatory matter is revealed during the course of the judicial proceeding, and it is relevant or material to the subject of inquiry, then no action of defamation will lie—regardless of how false or malicious the defamatory statement might be. *Id.* Thus, it appears that even under the exception, the facts of the instant case do not support a denial of the claim of absolute privilege. "[A] notice of *lis pendens* may be properly filed only if plaintiff pleads a cause of action which involves or affects the title to, or any interest in or a lien upon, specifically described real property." *Rehnberg v. Minnesota Homes, Inc.,* 236 Minn. 230, 233–234, 52 N.W.2d 454, 456 (1952). The filing of the lis pendens, no

matter how malicious or false, was relevant and material to the claim by Superior and DeWents of an ownership interest in the land.

■ Thus, given the foregoing analysis, we determine that the filing of a lis pendens is absolutely privileged and cannot support an action for slander of title. We note, however, that although slander of title may not provide a remedy to persons in the Linnerooths' position who have been wronged by a filing of a notice of lis pendens, such wrongful filing may support an action for abuse of process. *See e.g., Hertz Corp. v. Paloni,* 95 N.M. 212, 619 P.2d 1256 (Ct.App.1980) (describing elements of abuse of process). In this case, however, the Linnerooths failed to assert that claim; and since Superior's filing of the notice of lis pendens enjoys absolute privilege, the judgment in favor of Linnerooths for slander of title must be reversed.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I cannot concur in the majority's decision to immunize litigants from liability for slander of title by conferring upon them an absolute privilege to record notices of lis pendens, no matter how malicious may be the conduct of the parties or how false the statements contained within the notices. Facing this question of first impression, I believe that our lis pendens statute was not intended to immunize the recording of a notice of lis pendens in the circumstances of this case, and that the policy behind absolute privilege for defamatory statements made in the course of judicial proceedings does not contemplate the extension of that privilege to these circumstances.

I would hold that no absolute privilege attaches to the wrongful recording of a notice of lis pendens, and that a slander of title action can be predicated upon such a wrongful recording. The district court's findings of fact are supported by substantial evidence in the record, and they indicate that such a wrongful recording occurred in this case. Accordingly, I believe that the district court's judgment upholding the Linnerooths' slander of title claim should be affirmed.

Furthermore, I believe the majority errs when it suggests that abuse of process might provide a remedy, but that "[u]nfortunately, the Linnerooths failed to bring such an action." An appellate court may sustain the judgment of a trial court upon correct legal principles other than those relied upon by the trial court, if the relevant issues were presented in the trial court. *First National Bank in Albuquerque v. Abraham,* 97 N.M. 288, 291, 639 P.2d 575, 578 (1982).

Recovery for the tort of slander of title may be had upon proof of special damages arising from the willful recording or publication of matter which is untrue and disparaging to the complainant's property rights in land, by one who acts with malice and without the privilege to do so. *Den-Gar Enterprises v. Romero,* 94 N.M. 425, 430, 611 P.2d 1119, 1124 (Ct.App.), *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980).

The majority here create a new absolute privilege from liability for defamatory and slanderous statements. They do so without considering the policy grounds enunciated by New Mexico courts in extending absolute privilege first, to judicial pleadings, and second, to out-of-court communications made by attorneys and reasonably related to judicial proceedings. Instead, the majority adopt the rule and the rationale of several other jurisdictions. Characterizing the filing of a notice of lis pendens as nothing more than a republication of absolutely privileged pleadings made in the course of a judicial proceeding, the majority flatly conclude that a mere republication should enjoy the same absolute privilege.

I cannot agree with this conclusion. First, I do not believe that the act of recording a notice of lis pendens with the county clerk of the county in which the property is located, pursuant to NMSA 1978, Section 38–1–14, is analogous to the filing of pleadings in the district court in which a suit is pending. Nor do I believe that the policy reasons for extending absolute privilege to judicial pleadings apply to the recordation of a notice of lis pendens.

Our Court of Appeals has granted an absolute privilege to false, malicious, and defamatory judicial pleadings because the privilege is considered necessary to the search in court for truth between the parties. *Stryker v. Barbers Super Markets, Inc.,* 81 N.M. 44, 45, 462 P.2d 629, 630 (Ct.App.1969). A notice of lis pendens, however, is neither necessary nor relevant to the resolution of the underlying judicial proceeding. NMSA 1978, Section 38–1–14 permits, but does not require, the plaintiff in an action affecting title to real estate to record, not file, a notice of lis pendens. As the record in this case indicates, once a plaintiff chooses to do so, the notice is not subject to judicial approval or cancellation pending suit, except on equitable grounds. *See* NMSA 1978, § 38–1–15. Like the recording of a mortgage or other lien, the recording of a notice of lis pendens is a private act. *See Newkirk v. Bigard,* 125 Ill.App.3d 454, 463, 80 Ill.Dec. 791, 797, 466 N.E.2d 243, 249 (1984), *aff'd in part, rev'd in part,* 109 Ill.2d 28, 92 Ill.Dec. 510, 485 N.E.2d 321 (1985). The willful recording of a false deed may support an action for slander of title. *Den-Gar Enterprises v. Romero,* 94 N.M. at 430, 611 P.2d at 1124. I do not believe that the willful recordation of a false notice of lis pendens is entitled to the absolute privilege conferred upon judicial pleadings.

Secondly, I believe the majority's characterization of the notice of lis pendens as a mere republication of the pleadings, while conceptually appealing, overlooks the realities demonstrated by this case. I appreciate that the notice of lis pendens, which operates as constructive notice, is, in effect, an out-of-court communication to a group of persons related to the pending litigation by their possibility of acquiring an interest in the real property. NMSA 1978, § 38–1–14. Nevertheless, I do not believe that the policy reasons for extending absolute privilege to out-of-court statements reasonably related to judicial pleadings call for the extension of absolute privilege to the recording of a notice of lis pendens in the circumstances of this case.

Common sense suggests that a court of final resort should hesitate to extend an absolute privilege that immunizes from tort liability conduct that the trial court found was knowingly false and maliciously done for improper purposes. The record indicates that Mr. DeWent never invested any money in the property to which he claimed a one-third interest and that he was aware that his signature was placed on the purchase agreement as a mere formality. He never intended to take the land, but wanted to build the Linnerooths' home. Mr. DeWent testified that, intending to delay the Linnerooths' closing of a construction contract with another builder, he played his "trump card" and filed his complaint and notice of lis pendens.

Our Court of Appeals has extended to attorneys the absolute privilege to make defamatory out-of-court statements related to the subject matter of judicial proceedings, to third parties with an interest in or connection to the proceedings, because public policy demands that attorneys be accorded "the utmost freedom in the legitimate pursuit of [the] client's interests." *Penny v. Sherman,* 101 N.M. 517, 521, 684 P.2d 1182, 1186, *cert. denied,* 101 N.M. 555, 685 P.2d 963 (1984); *see also Romero v. Prince,* 85 N.M. 474, 476, 513 P.2d 717, 719 (Ct.App.1973). Clearly, the filing of the lis pendens in this case was not done in the legitimate pursuit of Mr. DeWent's interests. In extending an absolute privilege in these circumstances, the majority, I be-

lieve, have not struck a proper balance between the public policy of encouraging thorough airing of complaints before the courts and the fundamental public policy of assuring a remedy to parties wronged by the conduct of others.

Finally, I believe the majority have failed to ascertain the Legislature's intent in enacting NMSA 1978, Section 38–1–14. They observe that the sole purpose of a notice of lis pendens is to give prospective buyers constructive notice of the pendency of judicial proceedings, and state that NMSA 1978 authorizes its filing. I believe that the statute is intended also to give actual notice to prospective buyers, for their protection. *See Procacci v. Zacco,* 402 So.2d 425, 427 (Fla.App.1981).

Neither purpose is served by permitting plaintiffs, like Mr. DeWent and Superior, to record notices of lis pendens knowing that the statements are false and that the pending litigation will not affect title to real estate. It is not clear to me that the Legislature intended to authorize recording in such circumstances, or that it intended by enacting NMSA 1978, Section 38–1–14, to immunize the conduct of parties who do so maliciously in order to harm opposing parties.

Our Court of Appeals has intimated that the wrongful filing of a lis pendens may be the basis for a slander of title action. *Bynum v. Bynum,* 87 N.M. 195, 199, 531 P.2d 618, 622 (Ct.App.), *cert. denied,* 87 N.M. 179, 531 P.2d 602 (1975). The courts of numerous jurisdictions have so held. While the definition of a wrongful filing varies from jurisdiction to jurisdiction, it appears that an action for slander of title will lie for the recording of a notice of lis pendens in bad faith, with malice, with the knowledge that one has no interest in the land or, in some cases, without probable cause to believe that one has an interest in the land. *See, e.g., Taylor v. Baldwin National Bank,* 473 So.2d 489 (Ala.1985); *Salstrom v. Starke,* 670 P.2d 809 (Colo. App.1983); *Bothmann v. Harrington,* 458 So.2d 1163 (Fla.App.1984); *Curry v. Or-*

*wig,* 429 N.E.2d 268 (Ind.App.1981); *Bonnie Braes Farm, Inc. v. Robinson,* 598 S.W.2d 765 (Ky.App.1980); *Dane v. Doucet Brothers Construction Co.,* 396 So.2d 418 (La.App.1981); *DeCarnelle v. Guimont,* — Nev. —, 705 P.2d 650 (1985); *Whyburn v. Norwood,* 47 N.C.App. 310, 267 S.E.2d 374 (1980); *Schlytter v. Lesperance,* 62 Wis.2d 661, 215 N.W.2d 552 (1974).

The district court found that Superior and the DeWents recorded the notice of lis pendens knowing that they had no interest in the property, and did so maliciously, in order to circumvent the process of law and to pressure the Linnerooths into paying a debt not lawfully due. I would hold that NMSA 1978, Section 38–1–14, does not authorize such a wrongful recordation, and, therefore, that the notice of lis pendens was not privileged. Furthermore, the district court found that the Linnerooths suffered resultant damages in the amount of their attorneys fees. This award is reasonable, and does not constitute an abuse of discretion. The special damages requisite to a slander of title claim may include attorneys fees. *Den-Gar Enterprises v. Romero,* 94 N.M. at 430, 611 P.2d at 1124. All of the elements of slander of title under the test of *Den-Gar Enterprises v. Romero* have been established; therefore, I would affirm the district court's judgment.

For the foregoing reasons, I respectfully dissent.