741 P.2d 443

**Allen R. GELINAS and Center for Occupational and Preventive Medicine, Inc., Plaintiffs-Appellants,**

v.

**Elizabeth GABRIEL, Defendant-Appellee.**

No. 8997.

Court of Appeals of New Mexico.

July 9, 1987.

Certiorari Denied Aug. 14, 1987.

J.E. Casados, Wendy E. York, Gallagher & Casados, P.C., Albuquerque, for plaintiffs-appellants.

Briggs F. Cheney, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

BIVINS, Judge.

Plaintiffs, a physician and his employer, brought this defamation action against an attorney. They allege that on four separate occasions defendant made defamatory statements concerning Dr. Gelinas. Plaintiffs appeal a summary judgment granted defendant. We affirm.

The following facts are not disputed. In each instance, defendant was representing a personal injury claimant. The conversations with the third parties concerned the respective claims. The extent of injuries was an issue germane to the conversations. Dr. Gelinas either had examined or would be examining defendant's clients. Defendant's conversations were with claim representatives for insurance companies in three instances, and with a representative of the Disability Determination Unit for the Social Security Administration in the fourth instance. The statements concerned Dr. Gelinas' competency, fairness in evaluation, and whether he had been suspended from performing surgery at a hospital. For the purposes of our review, we assume that the statements were slanderous.

In *Romero v. Prince*, 85 N.M. 474, 513 P.2d 717 (Ct.App.1973), we held that a defamatory statement of an attorney is absolutely privileged if it is reasonably related to the judicial proceedings in the course of which the statement was made. *Accord Penny v. Sherman*, 101 N.M. 517, 684 P.2d 1182 (Ct.App.1984). *See also Superior Constr., Inc. v. Linnerooth*, 103 N.M. 716, 712 P.2d 1378 (1986) (citing with approval *Romero v. Prince* and *Penny v. Sherman*). We also said in those cases that the question of the relationship between the alleged defamatory matter and the proposed or existing judicial proceeding is a question of law to be determined by the court.

Plaintiffs do not question the law as announced in *Romero* and *Penny*. They contend that it was improper for the trial court to assume a relationship between the alleged defamatory statements and the judicial proceedings in the course of which they were made. Plaintiffs argue that a genuine issue of material fact exists as to whether the statements were reasonably related. They claim the appellate courts of this state have never before been faced with statements by an attorney that were

not reasonably related to a judicial proceeding and, therefore, the question presented is one of first impression.

We disagree with both plaintiffs' characterization of the law and the facts. As already noted, the question of relationship is one of law. The court decides if such a relationship exists. As to the facts, while not disputing what was said and the environment in which made, plaintiffs attempt to distinguish between statements made "in the middle of a conversation about [d]efendant's clients" and statements directly related to defendant's representation of those clients. They point to evidence by witnesses that "Gabriel's tirade against Dr. Gelinas was personal."

Of course, defamation, by definition, is personal. That much is conceded. To draw the distinction plaintiffs urge would eliminate the absolute privilege. This we will not do. As long as the statement is reasonably related, that is all that is required. Here, defendant obviously did not want Dr. Gelinas examining her clients. She made the statements to avoid that result. This is reasonably related to defendant's representation of her clients.

While we condemn defendant's conduct, we are nevertheless committed to the overriding policy behind the privilege, which is to secure to attorneys, as officers of the court, the utmost freedom in their efforts to obtain justice for their clients. *Romero v. Prince.*

We have considered the foreign cases cited by plaintiffs and find they either are distinguishable or apply different law. *See, e.g., Robinson v. Home Fire & Marine Ins. Co.*, 242 Iowa 1120, 49 N.W.2d 521 (1951). The trial court properly granted summary judgment.

Oral argument is unnecessary. *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.